William B. EVANS and Luella Evans, Appellants,

v.

Dale E. MULLER, Appellee.

No. 12090.

Court of Civil Appeals of Texas, Austin.

May 29, 1974.

Rehearing Denied June 19, 1974.

Victor Valadez, Jr., Thomas H. Watkins, Baker, Watkins, Ledbetter, Hayden & Ramsey, Austin, for appellants.

Ted Hollen, Austin, for appellee.

SHANNON, Justice.

The opinion of this Court filed on April 3, 1974, is withdrawn, and the following opinion replaces it.

Appellee, Dale E. Muller, filed an application for a writ of garnishment in the district court of Williamson County against the garnishees, Sam Winters and Roy Butler, to garnish a debt owed by them in the form of a note payable to Luella Evans. Appellants are William B. Evans, and wife, Luella Evans. Upon trial to the court, judgment was entered in favor of appellee. We will reverse that judgment.

In September of 1968, appellants conveyed their homestead, a ranch near Leander, to the garnishees. As partial consideration for that conveyance the garnishees executed a promissory note for $87,892.70 payable in installments to Luella Evans.

Appellee is the assignee of a judgment dated December of 1968 against William B. Evans for $4,925.00. Appellee pleaded in his application for writ of garnishment that the promissory note was community property, subject to the satisfaction of the judgment of December, 1968. Appellee pleaded further that appellants "in an attempt to mislead creditors" had the garnishees execute the note in the name of Luella Evans. In their trial pleadings, appellants answered that the promissory note was the separate property of Luella Evans or alternatively, that the note was ". . . the separate community property of Luella Evans, subject to her sole management, control and disposition." The garnishees answered and paid into the registry of the court the installment payment then due.

Upon request, the court filed findings of fact and conclusions of law, and found that the Leander ranch was community property. The court determined further that appellants took the promissory note in exchange for that ranch, and that the note was community property and subject to garnishment. The court also concluded that appellants' community property was never partitioned so as to become the separate property of William B. Evans or Luella Evans. The court made no findings relative to appellants' claim that the note was community property subject to Mrs. Evans' sole management, control and disposition.

Appellants attack the judgment by two points of error, the first being that the court erred in failing to find that the proceeds from the sale of the community homestead, represented by the note payable to the order of Luella Evans, was her separate property. Appellants' second point is that the court erred in holding that the note was not the sole management community property of Luella Evans.

Under their first point, appellants claim that Mr. Evans made a gift to his wife of his community share of the proceeds from the sale of the Leander ranch.

 The promissory note is presumed to be community property of William B. Evans and Luella Evans since it was acquired during their marriage. Tex. Family Code Ann. § 5.02, V.T.C.A. It was appellants' burden to overcome that presumption by clear and satisfactory evidence. Wilson v. Wilson, 145 Tex. 607, 201 S.W.2d 226 (1947), Van v. Webb, 147 Tex. 299, 215 S.W.2d 151 (1948). In our opinion appellants failed to meet that burden.

The evidence concerning the appellants' intentions of gift falls short of "clear and satisfactory." Mr. Evans was present at trial and testified. He made no statement showing a clear intent to make a gift of his interest in the community property to Mrs. Evans. On direct examination Mrs. Evans testified that she opposed the sale of the Leander ranch and refused to sign the deed until the note was made payable to her. On cross-examination it was developed that upon her marriage to Mr. Evans many years before, she had brought to the marriage about $60,000.00 in separate funds, but that those funds, long prior to suit, had been co-mingled with community funds. There is some suggestion in her testimony, and that of her husband's, that the note represented a reimbursement to her for the separate funds which she had originally contributed.

In Mrs. Evans' cross-examination there was testimony which perhaps indicated that she and her husband intended, without a written partition, to divide between themselves their community property. Under

that arrangement they "divided up," and as Mrs. Evans said, "The homestead note was absolutely mine." Though not entirely clear, it seems that Mr. Evans was then to take another ranch near Bertram.

The circumstances and evidence are not persuasive to establish clearly a gift by Mr. Evans of his community interest to the separate estate of Mrs. Evans.

In their point of error two appellants claim that the note was the community property of Mrs. Evans subject to her sole management, control, and disposition, Tex. Family Code Ann. § 5.22(a) and, as such, was not subject to the judgment debt of Mr. Evans. Tex. Family Code Ann. § 5.-61(b)(2). Appellants buttress their argument by reference to the presumption that during marriage, property is presumed to be subject to the sole management, control, and disposition of a spouse if it is held in his or her name or possession. Tex. Family Code Ann. § 5.24.

Tex. Family Code Ann. § 5.22 provides:

"§ 5.22. Community Property: General Rules

(a) During marriage, each spouse has the sole management, control, and disposition of the community property that he or she would have owned if single, including but not limited to:

(1) personal earnings;

(2) revenue from separate property;

(3) recoveries for personal injuries; and

(4) the increase and mutations of, and the revenue from, all property subject to his or her sole management, control, and disposition.

\* \* \* \* \* \*

(c) Except as provided in Subsection (a) of this section, the community prop-erty is subject to the joint management, control, and disposition of the husband and wife, unless the spouses provide otherwise by power of attorney in writing or other agreement."

The note does not come within one of the categories of property set out in § 5.-22(a) as being subject to the sole management, control, and disposition of one of the spouses. However, as that subsection makes plain, the list of property therein set out was not intended to be exclusive.

■ Tex. Family Code Ann. § 5.22(c) provides that some community property is subject to the joint management, control, and disposition of the spouses. § 5.22(c), likewise, recognizes that spouses may provide by agreement that community proper-ty, otherwise subject to their joint manage-ment, control, and disposition, may be sub-ject to the sole management, control, and disposition of one of the spouses. The agreement by the spouses need not be in writing.[1]

■ The appellants might have intended to partition or exchange their community property between themselves. Mrs. Evans was to receive the subject note and Mr. Evans was to take another ranch near Ber-tram. This effort failed because the ex-change was not in writing and subscribed by both. Tex. Family Code Ann. § 5.-42(a). Had appellants properly exchanged their property, the property transferred un-der the exchange would have of course, be-come separate property. § 5.42(b). Be-cause the exchange was not effectuated pursuant to § 5.42(a), the note remained community property.

We have concluded that the evidence supports the contention that under § 5.-22(c) appellants agreed, in effect, that Mrs. Evans would have the sole manage-

1. The requirement that the agreement be in writing was omitted by an amendment in 1973.

ment, control, and disposition of the note. Preliminary to the following discussion, we should emphasize that appellee did not prove that the transfer to Mrs. Evans was made with the intent to delay, hinder, or defraud creditors. Tex.Bus. and Com. Code Ann. Art. 2.402, V.T.C.A.

 We regard the fact that the note was placed in Mrs. Evans' name to be some evidence of an agreement by appellants that Mrs. Evans would have sole management, control, and disposition of the note. We are not, however, persuaded by appellants' argument that the placing of the note in Mrs. Evans' name created a presumption, by vitue of § 5.24, to the effect that the note was subject to her sole management, control, and disposition, and that since appellee did not produce evidence to overcome that presumption, appellants should prevail. Tex. Family Code Ann. § 5.24, by its terms, seems to operate not for the benefit of the spouse, but instead for the protection of those third persons who may deal with the spouse in possession or in whose name the property is held. See Hudspeth, The Matrimonial Property Act of 1967—Six Areas of Change, 31 Tex.B.J. 477, 558 (1968).

Other evidence tending to show an agreement was the fact that Mrs. Evans refused to sign the deed to the Leander ranch until it was agreed that she would take the note in her name. Mr. Evans took another ranch near Bertram in exchange for Mrs. Evans' taking the note. Also, the note payments were made by check payable to Mrs. Evans. She deposited those payments in her own bank account, and she was the only person authorized to draw on that account.

The judgment is reversed and here rendered that appellee take nothing.

Reversed and rendered.