**Dale E. MULLER, Petitioner,**

v.

**William B. EVANS et ux., Respondents.**

No. B–4787.

Supreme Court of Texas.

Nov. 20, 1974.

Rehearing Denied Jan. 15, 1975.

Ted Hollen, Austin, for petitioner.

Victor Valadez, Jr., Austin, for respondents.

PER CURIAM.

Respondents Mr. and Mrs. Evans owned a ranch as community property until they sold it, taking as part of the consideration a note payable only to Mrs. Evans. Petitioner Muller is the assignee of a judgment against Mr. Evans and brought this garnishment action against the makers of the note, attempting to satisfy his judgment out of the proceeds of the note. The district court concluded that the note is community property and awarded Muller the relief sought. The court of civil appeals agreed that the note is community property but held that "the evidence supports the contention that under § 5.22(c) [Tex. Family Code Ann.] appellants agreed, in effect, that Mrs. Evans would have sole management, control, and disposition of the note." Since such property is not subject to any nontortious liability of the other spouse, Tex. Family Code Ann. § 5.-61(b)(2), V.T.C.A., the court of civil appeals reversed and rendered judgment that Muller take nothing. 510 S.W.2d 651.

In reaching its conclusion the court of civil appeals held that such an agreement concerning sole management, control, and disposition of community property need not be in writing, noting that the requirement for a written agreement was omitted by an amendment in 1973. However, this amendment did not become effective until January 1, 1974. At the time this case was tried on January 17, 1973, and at all relevant times before, Section 5.22(c) of the

Family Code required that such an agreement be "by power of attorney or other agreement in writing." There is no evidence of a written agreement in the record. Therefore, the decision of the court of civil appeals is in conflict with the statutory provision under which this case was tried.

Pursuant to Rule 483, Texas Rules of Civil Procedure, we grant writ of error and, without hearing oral argument, reverse the judgment of the court of civil appeals and affirm the judgment of the district court.