**DeAnn MILLER, Appellant,**

v.

**CITY NATIONAL BANK, Appellee.**

**No. 6057.**

Court of Civil Appeals of Texas, Waco.

Feb. 7, 1980.

**824**

Wallace Shropshire, Austin, for appellant.

Mark Perlmutter, Hilgers, Watkins, Ledbetter & Hays, Austin, for appellee.

HALL, Justice.

City National Bank (of Austin, Texas) filed this suit on December 20, 1977, against Arthur C. Miller, Jr., and appellant DeAnn Miller, to recover on two promissory notes. Copies of the notes were attached to the petition. They reflect that both notes were executed by defendant Arthur C. Miller, Jr., as maker; that plaintiff Bank was the payee in both notes; that one, dated February 8, 1977, was based upon a cash advance of $2,200.00 to Mr. Miller by Bank; that the other, dated March 8, 1977, was based upon a cash advance of $587.54 to Mr. Miller by Bank; and that neither note was signed by DeAnn Miller in any capacity. Bank alleged that the notes were executed and delivered to it by defendant Arthur C. Miller, Jr.; that Bank was the owner and holder of the notes; that "at the time the instruments were executed, Defendants were legally married"; that defendants had defaulted in payment of the notes after demand; and that the total principal balance due and unpaid on both notes, for which Bank sued, was $2,247.00. Bank also sought recovery of accrued interest and attorney's fees allegedly due under the terms of the notes. Bank prayed for "judgment against Defendants for such indebtedness, interest, and attorney's fees as set forth above, for costs of court, and for general relief."

Appellant DeAnn Miller answered Bank's suit with a general denial. She also specially pleaded that on December 10, 1976, she permanently separated from defendant Arthur C. Miller, Jr.; that she filed a divorce suit against him on January 31, 1977; that she was granted a divorce from him on April 6, 1977; that during that period of time she did not enter into any transactions with Bank; and that she did not execute the notes attached to Bank's petition.

The case was tried without a jury. Judgment was rendered in favor of Bank against appellant DeAnn Miller "in the total sum of $2,200.00, as Plaintiff's principal claim"; and judgment was rendered in favor of Bank against defendant Arthur C. Miller, Jr., "in the total sum of $3,121.90, which includes Plaintiff's principal claim of $2,247.00, interest to date of $74.90, and attorney's fees of $800.00." Bank was granted interest on the judgment against appellant DeAnn Miller at the rate of 9% per annum until paid; and Bank was granted interest on the judgment against defendant Mr. Miller at the rate of 10% per annum until paid, under the terms of the notes. All costs of court were assessed against Mr. Miller.

The appellate record contains findings of fact and conclusions of law filed by the trial court in support of its judgment; and it also contains an agreed statement of facts. The findings and conclusions are as follows:

### FINDINGS OF FACT

1. That Arthur C. Miller, Jr., executed and delivered to Plaintiff the two promissory notes attached as exhibits to Plaintiff's Original Petition and that Plaintiff is the owner and holder of said notes.

2. That said promissory notes were executed on February 8, 1977 and the second note being dated March 8, 1977, and that on said dates, Arthur C. Miller, Jr., and DeAnn Miller were legally married to each other.

3. That the principal balance remaining due and owing on said notes is $2,247.00 and that payment on said notes is in default.

4. That Plaintiff has made demands for payment upon Defendants and they have failed to pay the said indebtedness.

5. That Olivia Dean Whitehurst Miller was granted a decree of divorce from Arthur C. Miller, Jr., on April 6, 1977, in the 200th District Court of Travis Coun-

ty, Texas, in which decree the community property of said parties was divided between them by the Court.

## CONCLUSIONS OF LAW

1. The two promissory notes executed by Arthur C. Miller, Jr., to Plaintiff represent debts which were contracted during the marriage between Arthur C. Miller, Jr., and DeAnn Miller and is presumed to be the credit of the community estate of Defendants and are joint community obligations.

2. Defendant, DeAnn Miller, is jointly obligated and liable for payment of said promissory notes together with Arthur C. Miller, Jr.

3. That Plaintiff is entitled to judgment against DeAnn Miller in the sum of $2,200.00 as her joint obligation as a member of the community obligation created by Arthur C. Miller, Jr., to Plaintiff by execution of his said promissory notes.

The following material facts, and none other, are established in the agreed statement of facts: The notes sued upon by Bank were executed by defendant Arthur C. Miller, Jr., and delivered by him to Bank. Bank is the owner and holder of the notes. When the notes were executed on February 8, 1977, and March 8, 1977, Arthur C. Miller, Jr., and DeAnn Miller were legally married to each other. Defendants have failed to pay the notes after demand. The principal balance remaining due and unpaid on the notes is $2,247.00. Interest on such amount at the rates provided for in the notes both before and after maturity is also due. Under the terms of the notes Bank is entitled to recover attorneys' fees in the amount of $800.00. Arthur C. Miller, Jr., and DeAnn Miller were divorced on April 6, 1977. In the divorce decree the property and liabilities of DeAnn Miller (denominated "Petitioner" therein) and Arthur C. Miller, Jr., (denominated "Respondent" therein) were divided as follows:

Petitioner is awarded the following as Petitioner's sole and separate property, and Respondent is hereby divested of all right, title, and interest in and to such property:

The following real property: the home located at 602 Arbor Circle, Austin, Texas, and described as follows:

Lot 5, Block "K", Community of Fairview, Section One, according to the map or plat of said subdivision recorded in Book 20, Page 16, of the Plat Records of Travis County, Texas.

All household furnishings, appliances, fixtures, wearing apparel, jewelry, and other personal property in Petitioner's possession or subject to Petitioner's control;

The 1977 Chevette automobile now in Petitioner's possession; and

Five (5) Registered Cocker Spaniel Dogs.

Respondent is awarded the following as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title, and interest in and to such property:

The 1974 Plymouth Van now in Respondent's possession;

All of his personal effects in Respondent's possession or subject to Respondent's control; and

Five (5) Registered Cocker Spaniel Dogs.

Petitioner shall pay, as a part of the division of the estate of the parties, the following debts and obligations and shall indemnify and hold Respondent harmless from any failure to so discharge such debts and obligations:

Petitioner is to assume that one certain indebtedness to Gulf Coast Investment Corporation on the mortgage owed on the home located at 602 Arbor Circle, Austin, Texas, herein awarded to Petitioner as her sole and separate property.

Petitioner is to pay the indebtedness owed on the 1977 Chevette automobile.

Respondent shall pay all other remaining debts incurred by the parties during the said marriage.

Defendant DeAnn Miller is the only party appealing and the only party who filed a brief. She asserts that neither the evidence

nor the court's findings of fact support the court's conclusion (and the judgment against her based upon the conclusion) that she is jointly obligated with Arthur C. Miller, Jr., for payment of the notes. We sustain this contention.

*Cockerham v. Cockerham*, (Tex.1975) 527 S.W.2d 162, began as a divorce action by Dorothy Cockerham against her husband, E. A. Cockerham. The trustee in bankruptcy of Mrs. Cockerham intervened to collect on accounts owed to the bankruptcy creditors resulting from the operation of a dress shop by the wife during the marriage.

An issue in the case was whether or not the debts were the joint obligations of the husband and the wife. The court said (at 527 S.W.2d 171):

"E. A. Cockerham never took part in the conduct or operation of the dress shop and all purchases for the shop were made by Dorothy. The husband claims this fact alone establishes that the debts incurred were solely those of his wife. The fact of physical operation of a business, however, is not wholly determinative of the character, as sole or joint, of the debts incurred in its operation . . .

"To determine whether a debt is only that of the contracting party or if it is instead that of both the husband and wife, it is necessary to examine the totality of the circumstances in which the debt arose. Of particular importance in the instant case is the consideration of implied assent to the debt by the noncontracting party, the husband.

"The debts in the instant case arose, or course, during marriage. It is well established that debts contracted during marriage are presumed to be on the credit of the community and thus are joint community obligations, unless it is shown the creditor agreed to look solely to the separate estate of the contracting spouse for satisfaction. *Broussard v. Tian*, 156 Tex. 371, 295 S.W.2d 405 (1956); *Gleich v. Bongio*, supra. [128 Tex. 606, 99 S.W.2d 881] There is no evidence the parties who extended Dorothy Cockerham credit agreed to look solely to her separate estate for satisfaction, and thus, there are no facts to rebut the presumption these debts are community liabilities. Though this would establish the community character of the debts, the fact that the debts are community liabilities would not, without more, necessarily lead to the conclusion they were joint liabilities. Characterization of the debts as community liabilities is only one aspect of the circumstances to be considered in determining whether the debts are joint."

The court then determined that the record in *Cockerham* was "replete with factors which point to the conclusion that the dress shop debts were joint liabilities of both the husband and the wife." Upon that conclusion the court held that Section 5.61(a), V.T.C.A. Family Code [1] "does not insulate the husband's separate property from liability for these debts." (527 S.W.2d 172).

In our case the debts were contracted by the husband during the marriage, and there were no facts to rebut the presumption that the debts were community liabilities. However, this suit was filed after the husband and wife were divorced and their community estate had been divided between them and vested in them as their separate properties. There is no evidence that DeAnn Miller expressly or impliedly agreed to the execution of the notes by her husband, or that she agreed to pay the notes, or that she had any knowledge at all of the fact of the execution of the notes; and there is no evidence of the use made of the money loaned to the husband on the notes. In short, there is no evidence to support the conclusion that the notes were the liabilities of DeAnn Miller jointly with her husband who incurred the debts.

The judgment in favor of Bank against DeAnn Miller is reversed, and judgment is here rendered that Bank take nothing against her.

---

1. V.T.C.A. Family Code, § 5.61(a) reads: "A spouse's separate property is not subject to liabilities of the other spouse unless both spouses are liable by other rules of law."