Donald **FOWLER**, M. D., Appellant,

v.

Virginia **STONE**, Appellee.

No. B2303.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 30, 1980.

Maurice Bresenhan, Jr., Bresenhan, Martin & Wingate, Houston, for appellant.

Warren G. King, Roy W. Moore, Law Office of Roy W. Moore, Houston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from a judgment rendered for child support arrearages and support obligations against appellant, Dr. Donald Fowler. The trial court, sitting without a jury, found the appellant indebted to his former wife, Virginia Stone, appellee, in the amount of $30,950.00 for contractual support payments and $12,475.00 for child support. Fowler appeals claiming that the trial court erred in including in the child support award an unpaid amount which had been found due and owing at the time of the divorce decree in 1973. He further claims that he should be allowed an offset in child support payments for the time that children actually resided with him. Appellee asserts by cross-point that the trial court erred in not awarding attorney's fees. We find no error in the record and affirm the judgment of the trial court.

The 1973 divorce decree states that Fowler was in arrears on the temporary alimony and child support payments in the amount of $1,775.00, adjudged him in contempt and ordered him to pay the arrearage at the rate $100.00 per month. Stone testified at the trial of the instant case that Fowler owed her that sum at the time of the divorce. Fowler does not contend that the

amount has been paid, but argues that the prior divorce decree is *res judicata* and the present judgment constitutes a double recovery for that sum.

The record shows no pleading raising the claim of *res judicata* and no testimony regarding such a defense. An affirmative defense, such as *res judicata*, must be pled or is waived. Tex.R.Civ.P. 94. The claim has been waived in this case, but even if before this court, the claim is not meritorious. The 1973 divorce decree does not purport to grant Stone a judgment against Fowler which she could execute against his assets. It merely finds him in contempt for failure to pay the sum due. The trial court's judgment in this case is the first time that the arrearage was reduced to judgment; thus, there is no double recovery.

Appellant's claim that he is entitled to an offset for the time minor children were actually residing with him, and he was supporting them directly, does not appear in the pleadings. The only witness at trial was Virginia Stone, who testified in appellant's Bill of Exceptions that the children had resided with or visited their father for varying lengths of time. Such a claim of offset is a claim of avoidance which must be set forth affirmatively according to Tex.R.Civ.P. 94. Fowler's failure to so plead waived any such claim.

Again, even if the claim of credit and offset were before this court, the law is clear that Fowler's supporting his children directly does not comply with the divorce decree which provides that support payments be made to the Child Support Division of the Harris County Probation Department. *In re McLemore*, 515 S.W.2d 356 (Tex.Civ.App.-Dallas 1974, no writ); *Akin v. Akin*, 417 S.W.2d 882 (Tex.Civ.App.-Austin 1967, no writ). In this action to reduce decree-ordered payments to judgment, this court can only uphold the lower court's ruling enforcing the prior judgment according to its terms. As the *Akin* court held, any action to alter Fowler's obligations for support must be in a direct attack on the prior decree requesting modification.

Appellee assigns by cross-point that the trial court erred in excluding evidence of attorney's fees and in not awarding her recovery of such fees. Appellee pled for attorney's fees pursuant to Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp. 1980). At trial the testimony of reasonable attorney's fees was excluded. The trial court awarded no fees, and its Conclusions of Law include the statement that appellee is not entitled to attorney's fees under Article 2226 or under Tex.Fam.Code Ann. § 11.18 (Vernon 1975). Appellee further claims entitlement to fees under Tex.R.Civ.P. 308-A, regarding child support cases. That Rule makes the award discretionary with the trial court, and the court's failure to explicitly deny the recovery of fees under 308-A does not affect the valid exercise of its discretion to so deny them. Courts have uniformly held that any award of attorney's fees, pursuant to statute or under common law, is within the discretion of the trial court. Absent a showing of an abuse of discretion, the award or failure to award fees will not be disturbed on appeal. *Stegall v. Stegall*, 571 S.W.2d 564 (Tex.Civ.App.-Fort Worth 1978, no writ); *Magids v. Dorman*, 430 S.W.2d 910 (Tex.Civ.App.-Houston [14th Dist.] 1968, writ ref'd n. r. e.). There is no showing of such an abuse in this case.

All of appellant's and appellee's points are overruled. The judgment is affirmed.