Wilma Ethel LeBLANC, Appellant,

v.

Peyton WALLER, Appellee.

No. A2336.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 2, 1980.

John M. Barron, Jr., Barron & Barron, Bryan, for appellant.

W. R. Vance, Bryan, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from the judgment in a divorce action wherein appellee, as an alleged creditor of the community, intervened, seeking enforcement of debts incurred during the marriage of appellant and her former husband. Appellant's former husband is not a party to this appeal. We affirm in part and reverse and render in part.

Appellant and Mr. LeBlanc were separated on or about September 15, 1978. At that time, they orally agreed to a division of their modest estate. There was no written partition agreement as contemplated by Tex. Fam. Code Ann. § 5.42 (Vernon 1975). The presumption is, therefore, that all of the assets were community property. Tex. Fam. Code Ann. § 5.02 (Vernon 1975). Immediately following the separation, Mr. LeBlanc became an independent plumbing contractor and, pursuant to such business, incurred an indebtedness to appellee for materials to be used in his plumbing business. The record reflects that appellant never had any contact with appellee prior to the divorce proceedings, was not a party to the transactions between Mr. LeBanc and appellee, in no way benefitted from those transactions, and did not in fact become aware of the indebtedness until shortly before the hearing for the divorce. She further testified that she was living alone at the time the debts were incurred and was financially supporting herself.

Appellee contends that the judgment of the trial court should be affirmed because he was entitled to a default judgment under Tex. R. Civ. P. 239 due to the failure of appellant or her former husband to file a written response to appellee's Plea in Intervention. Such failure does not necessarily entitle intervenor to a default judgment. Rule 239 provides such a remedy only in the event the defendant "has not previously filed an answer . . ." In this case, appellant did file an answer even though such filing was prior to the filing of appellee's Plea in Intervention and, consequently, did not respond to it. Such answer, nevertheless, was all that was required to negate the default judgment provisions under Rule 239. Further, appellee waived any right he might have had to a default judgment by failing to procure a ruling on his Motion for Default Judgment or making any objection in the record to a deficiency of pleadings. *Bednarz v. State*, 142 Tex. 138, 176 S.W.2d 562 (1943).

The debt having been incurred prior to the termination of the marriage, it is presumed to be a community debt. *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex. 1975). However, appellant contends that Tex. Fam. Code Ann. § 5.61 (Vernon 1975) insulates her from liability for this debt allegedly incurred by her former husband. Section 5.61 provides in part:

(b) Unless both spouses are liable by other rules of law, the community property subject to a spouse's sole management, control, and disposition is not subject to:

. . . . . .

(2) any nontortious liabilities that the other spouse incurs during marriage.

Appellant claims that all of the community property which was in her possession from the time the debt arose until the date of the divorce judgment was subject to her sole management, control, and disposition and therefore not subject to any nontortious liability incurred by Mr. LeBlanc subsequent to the time she gained sole management, control, and disposition of the assets. Neither party contends that any other "rules of law" are applicable to this situation.

Tex. Fam. Code Ann. § 5.22 (Vernon 1975), which sets forth the guidelines for determining what constitutes community property subject to the sole management, control, and disposition of one spouse provides:

(a) During marriage, each spouse has the sole management, control, and disposition of the community property that he or she would have owned if single, including but not limited to:

(1) personal earnings;

(2) revenue from separate property;

(3) recoveries for personal injuries; and

(4) the increase and mutations of, and the revenue from, all property subject to his or her sole management, control, and disposition.

.    .    .    .    .

(c) Except as provided in Subsection (a) of this section, the community property is subject to the joint management, control, and disposition of the husband and wife, *unless the spouses provide otherwise by power of attorney in writing or other agreement.* [Emphasis added.]

This "agreement" referred to in subsection (c) is not a partition agreement of the community, but rather an agreement to transfer the power of management, control, and disposition over certain community property assets from one spouse to the other. Appellant contends that the oral agreement for division of their property falls within the "other agreement" provision of subsection (c) above. We agree. Prior to 1974, Section 5.22(c) read, ". . . unless the spouses provide otherwise by power of attorney or other agreement in writing." In

1973 that section was amended to read, ". . . unless the spouses provide otherwise by power of attorney in writing or other agreement." This amendment became effective on January 1, 1974. Applying the standard rules of statutory construction, it is apparent that the Texas Legislature chose to remove the requirement that such an agreement be in writing.

■ In the case of *Evans v. Muller*, 510 S.W.2d 651 (Tex.Civ.App.-Austin) rev'd per curiam, 516 S.W.2d 923 (Tex.1974), the Court of Civil Appeals concluded that a Section 5.22(c) oral agreement had been entered into, that there was no evidence that said agreement was designed to delay, defraud or hinder creditors, and that the property subject to that agreement was, therefore, insulated from liability by Section 5.61(b)(2). The Texas Supreme Court, in reversing the Court of Civil Appeals, *supra*, did not criticize its reasoning or interpretation of Section 5.22(c), but reversed simply on the basis that the agreement and trial were prior in time to the date on which the amendment removing the requirement for a written agreement became effective. The agreement having been made subsequent to the amendment, we hold that the oral agreement in this cause meets the requirements of Section 5.22(c).

However, it must also be determined whether the liability in question was incurred by Mr. LeBlanc alone or, instead, was a joint liability. Tex. Fam. Code Ann. § 5.61(b)(2). The Texas Supreme Court, in *Cockerham v. Cockerham, supra*, has stated the applicable rule as follows:

To determine whether a debt is only that of the contracting party or if it is instead that of both the husband and wife, it is necessary to examine the totality of the circumstances in which the debt arose. Of particular importance in the instant case is the consideration of implied assent to the debt by the noncontracting party, the husband.

The Court pointed out that, in the absence of some evidence that the creditor agreed to look solely to the separate estate of the contracting spouse for satisfaction, the

debt, incurred during marriage, is presumed a community liability. The Court emphasized, however, that "[c]haracterization of the debts as community liabilities is only one aspect of the circumstances to be considered in determining whether the debts are joint." The other factors which the Court considered in determining whether the debts were joint liabilities were 1) who advanced the capital necessary to pay for the initial and additional inventory, 2) statements by the parties as to their willingness to pay the debt, 3) who signed the checks to pay for operational expenses, and 4) the treatment of depreciation deductions and shop losses on the parties' joint income tax return.

In the case before us, the noncontracting spouse had no knowledge of the liability until shortly before the inception of this action, did not participate in the business, did not realize any gain from it, nor have the opportunity to do so. There is no evidence of assent, implied or expressed, on appellant's part to incurring this debt. While the evidence reflects that appellee never agreed to look solely to Mr. LeBlanc's separate estate for satisfaction of this debt, that circumstance alone will not support the conclusion that it is a joint liability. There are no other circumstances reflected in the record, and, therefore, no evidence to rebut the conclusion that the liability was incurred by Mr. LeBlanc alone. Consequently, neither the community property under appellant's sole management, control, and disposition, nor her separate property is subject to this liability according to the terms of Section 5.61(a) and (b)(2). As the record reflects that there are no assets in appellant's possession or under her control which do not fall into one of those categories, appellant is not liable for this debt.

Affirmed in part and reversed and rendered in part.