**Robert G. WILEMAN, Appellant,**

v.

**William W. WADE, ex ux., Wanda Sue Wade, Appellees.**

**No. 05–82–00729–CV.**

Court of Appeals of Texas, Dallas.

Dec. 15, 1983.

Rehearing Denied Feb. 16, 1984.

G. Robert Wileman, Dallas, for appellant.

Donald E. Godwin, Maxwell, Godwin & Carlton, David L. Butler, Maxwell, Godwin & Carlton, Dallas, for appellees.

Before STEPHENS, SPARLING and AL-LEN, JJ.

STEPHENS, Justice.

Robert G. Wileman, an attorney, intervened in a divorce action between William and Wanda Wade, seeking attorney's fees for his former representation of Wanda. The trial court found the sum of $4,500.00, to be the reasonable fees to which Wileman was entitled, and that the sum due was a community debt. Judgment was then entered against Wanda for one-half of the sum, and against William for the other one-half. Each party was ordered to pay their respective sums in monthly installments of $50.00. Wileman contends that the judgment should have been joint and several, and that payment in installments was improper. We agree and accordingly we reform the judgment of the trial court.

First, in addressing the question of joint and several liability, we note that the trial judge found the attorney's fees to be a debt of the community: This finding established the liability of both William and Wanda to Wileman. Although the trial judge may divide the community estate in a manner which she deems just and right, this discretion does not extend to interference with the rights of third party creditors. *Broadway Drug Store of Galveston, Inc. v. Trowbridge*, 435 S.W.2d 268 (Tex. Civ.App.—Houston [14th Dist.] 1968, no writ); *Inwood National Bank of Dallas v. Hoppe*, 596 S.W.2d 183 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.).

In addressing the question of ordering the judgment paid in installments, we first look to TEX.R.CIV.P. 301 which requires that the judgment in a case "shall be so framed as to give the party all the relief to which he may be entitled...." The judgment in this case, by its award of a sum certain payable in future installments, if permitted to stand, is of significantly less value than a judgment for the full amount, presently due. The very concept of awarding "reasonable attorney's fees" embodies a present award of a sum which is adequate to compensate the attorney for the services rendered. An award of damages for future pain and suffering would be unfair and inequitable if not reduced to present value. By the same reasoning, a present award for past services, payable in future installments would be unfair and inequitable. A judgment so structured would, in effect, be inadequate compensation for past services rendered.

In the case of *United States v. Bauman*, 56 F.Supp. 109 (D.Or.1943), a condemnation case, the court discussed the meaning of "just compensation". The court stated that: "No authority exists nor ever has existed for the payment of just compensation by installments." *Bauman*, 56 F.Supp. at 115. The author of the opinion in *United States v. 9.94 Acres of Land in City of Charleston*, 51 F.Supp. 478 (E.D.S.C.1943), directly addressed the question by stating: "Just compensation in my opinion means exactly what it says, and it means that the owner himself is entitled to receive his compensation; not that his estate or his children or his grandchildren are to receive installment payments and perhaps inherit a law suit in the far future." *9.94 Acres*, 51 F.Supp. at 483–484.

Our own courts have concluded that "just compensation" and "adequate compensation" are synonymous and that to be adequate the compensation must be "just," and vice versa. *State v. Hale*, 96 S.W.2d 135, 141 (Tex.Civ.App.—Austin 1936), *modified*, 136 Tex. 29, 146 S.W.2d 731 (1941).

Finally, we note that, in the case of *Frankel v. Heym*, 466 F.2d 1226 (3rd Cir. 1972), the United States government unsuccessfully sought to have a large award for damages take the form of a judicially established trust for the benefit of the recipient, rather than a lump sum judgment. The court noted that "courts of law had no power at common law to enter a judgment in terms other than a simple award of money damages", and refused the government's request. *Frankel*, 466 F.2d at 1228–1229.

■ We conclude that the term "reasonable attorney's fees" is synonymous with "just" and "adequate" compensation and that Wileman should recover judgment against William and Wanda, jointly and severally, in the sum of $4,500.00. Accordingly, the judgment of the trial court is reformed to grant judgment against William W. Wade, and Wanda Sue Wade, jointly and severally, in the sum of $4,500.00, and to strike any provision for installment payments of the judgment.

SPARLING, Justice, dissenting.

I do not agree with the rationale of the majority opinion regarding the judgment in installments, and I dissent to the majority's holding the appellees jointly liable. Therefore, I concur in part and dissent in part.

### The Installment Judgment

The threshold question, unaddressed by the majority, is whether the recovery sought by appellant is for damages as a third party creditor or as attorney's fees prescribed by TEX.FAM.CODE ANN. § 11.18 (Vernon Supp.1982): [1]

Costs

(a) In any proceeding under this subtitle, including, but not limited to, habeas corpus, enforcement, and contempt proceedings, the court may award costs. Reasonable attorney's fees may be taxed as costs, and may be ordered paid direct-

ly to the attorney, who may enforce the order for fees in his own name.

The majority opinion clouds this issue because it first speaks of third party creditors ("the trial judge['s] ... discretion does not extend to interference with the rights of third party creditors"), yet later describes appellant's award as "reasonable attorney's fees."

In fact, appellant brought a suit in intervention claiming "unpaid attorney's fees against Wanda Sue Wade, Respondent herein, upon which the sum of Four Thousand Five Hundred Dollars ($4,500.00) is owing and unpaid." Thus, we see that the judgment for appellant is for the balance due on the contract of employment with his client—not for "reasonable attorney's fees."

Because the appellant is a third party creditor in a controversy with his former client, I agree with the majority that the court erred by structuring the judgment to be paid in installments.

The amount of damages due a third party creditor suing on a contract is not a matter for the trial court's discretion as would be an award of reasonable attorney's fees. *Fowler v. Stone*, 600 S.W.2d 351, 353 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Further, by the suit in intervention, appellant and his previous client have become adverse parties in litigation; thus, the doctrine of res judicata would prevent further proceedings to collect his fee. *Douthit v. Anderson*, 521 S.W.2d 127, 129 (Tex.Civ.App.—Dallas 1975, no writ) (person not bound by judgment unless he had opportunity to litigate matters adjudicated); *Parker v. Schmeltekopf, Jr.*, 504 S.W.2d 817, 819 (Tex.Civ. App.—Austin 1974, no writ); *Carter v. Leiter*, 476 S.W.2d 461, 462 (Tex.Civ.App.— Dallas 1972, writ ref'd n.r.e.).

I would hold otherwise, however, if the attorney's fees awarded to the appellant were "reasonable attorney's fees" con-

---

1. The rationale of this opinion would not vary if the reasonable attorney's fees were awarded pursuant to the court's general power to divide the community estate TEX.FAM.CODE ANN. § 3.63 (Vernon Supp.1982); *In re Read*, 634 S.W.2d 343, 345 (Tex.Civ.App.—Amarillo 1982, ——).

tained in the judgment of divorce, and, thus, were a product of the discretion of the trial court. It seems reasonable that if the refusal to award *any* attorney's fees may be within the court's discretion, an award payable in $100.00 increments would also be within its discretion. The attorney, if unhappy about the award as structured, may always sue his client on the contract of employment for any deficiency.

A judgment payable in installments is not without precedent. In *Beavers v. Beavers,* No. 05–82–01341–CV (Tex.Civ.App.—Dallas, May 2, 1983) (not yet reported), this court held that an award to a spouse of community property in monthly installments was a final judgment even though the installments were not the result of an agreement or contract between the parties. This court held that the payments of installments had the effect of suspending the execution of judgment. In so holding, this court stated:

> ... the present judgment suspends execution for the total recovery so long as the husband makes the installment payments. All present issues between the parties have been resolved except the discharge of the obligation fixed in the decree. The anticipated proceeding in the event of a default would merely involve determination of the balance owing on the judgment at the time of the default. In that proceeding, the trial court would only ascertain what sum is due as a result of the decision already made.

I would, therefore, hold that it would not be error to structure an award of attorney's fees in installments, provided the total amount of the fee was not an abuse of the trial court's discretion.

### Joint & Several Liability

I disagree with the holding of the majority that the court erred in failing to make the husband and wife jointly liable for appellant's damages. The Supreme Court in

*Cockerham v. Cockerham,* 527 S.W.2d 162 (Tex.1975), teaches that there is a presumption that all debts incurred during coverture are community debts. *Cockerham,* 527 S.W.2d at 171. The trial court followed this mandate as seen by a recitation in the judgment "that the said sum ... has the character of a community debt." The majority, however, in glossing over the issue of joint and several liability, fails to acknowledge that a community debt does not, in and of itself, create joint liability to the spouses. The Supreme Court states:

> ... the fact that the debts are community liabilities would not, without more, necessarily lead to the conclusion that they were joint liabilities. Characterization of the debts as community liabilities is only one aspect of the circumstances to be considered in determining whether the debts are joint. *Cockerham,* 527 S.W.2d at 171.

Because joint liability subjects *separate* property to the satisfaction of the debts, an additional survey of the circumstances is required to guard against an encroachment of TEX.FAM.CODE ANN. § 5.61 (Vernon 1975), which provides "(a) a spouse's separate property is not subject to the liabilities of the other spouse unless both spouses are liable by other rules of law." To determine if the non-contracting husband is jointly liable we look to his express or implied assent to the incurrance of the debt or to the assumption of the liability and to the totality of the circumstances. *Cockerham,* 527 S.W.2d at 171; *Leblanc v. Waller,* 603 S.W.2d 265, 268 (Tex.App.—Houston [14th Dist.] 1980, no writ); *Miller v. City National Bank,* 594 S.W.2d 823, 826 (Tex. App.—Waco 1980, no writ).

In the present case, it is undisputed that the debt arose from a contract between appellant and Ms. Wade. The record does not indicate[2] that Mr. Wade knew of, approved, or assumed the debt to his wife's attorney. To the contrary, it would appear unusual for the husband, in a contested

---

**2.** The appellant brought no statement of facts on appeal. I would hold that the burden is on the creditor to present evidence that a community debt incurred by one spouse creates joint

liability. *See, Miller,* 594 S.W.2d at 826 ("No evidence to support the conclusion that the notes were the debts of [the wife] jointly with her husband who incurred the debt").

divorce proceeding with child custody and property at issue, to be in any way involved with the contractual arrangements between his estranged wife and her attorney. The contract of employment between appellant and the wife was for the purpose of suing the husband—hardly a debt the husband would approve.

Under the standards espoused by *Cockerham, supra,* and its progeny, I would hold that there was no joint liability and that the trial court properly awarded the judgment in intervention as a community debt with each spouse to pay one-half from his or her share of the community. Accordingly, I would reform the judgment to dispense with the installment provision and affirm.