Opinion issued June 10, 2010

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00773-CV

———————————

Harald Stauder and European Motorcycle Corporation, Appellants

V.

John Nichols
and Nichols Law, P.L.L.C., Appellees



 



 

On Appeal from the 333rd District

Harris County, Texas



Trial Court Case No. 2007-38222



 

MEMORANDUM OPINION

Appellants,
Harald Stauder and European Motorcycle Corporation, sued appellees, John
Nichols and the Nichols Law Firm, P.L.L.C. (collectively, “Nichols”), for
professional negligence and breach of fiduciary duty.  Nichols moved for a no-evidence summary
judgment, which the trial court granted.

In what we construe as three issues,
appellants contend that the trial court erred by granting summary judgment in
favor of Nichols.  In their first issue,
appellants contend that an adequate time for discovery had not passed.  In their second issue, appellants contend
that the trial court erred by overruling their motion to “late file” the
affidavit of Harald Stauder.  In their
third issue, appellants contend that the trial court erred by granting summary
judgment.

We affirm.

BACKGROUND

In 2003, Gabrielle Stauder-Hipold
sued Markus Stauder for divorce in a Nueces County court.[1]  Appellee Nichols represented Markus in the
suit.  Markus’s brother, appellant Harald,
intervened in the suit, seeking to recover $2.2 million that he had loaned to
Gabrielle.[2]  Nichols also represented Harald.  Gabrielle brought into the suit, as a
third-party defendant, EMC­­—a foreign
corporation owned by a Liechtenstein trust, of which Markus is the beneficiary. 
Nichols also represented EMC, at least initially.

Trial was set for May 2005, and a
docket control order was issued.   At
some point, Nichols withdrew as EMC’s counsel and another attorney was hired to
represent EMC.  

The trial court ordered that the
parties attend mediation.  Gabrielle,
Harald, and a representative of EMC attended. 
EMC was represented by independent counsel.  

At the mediation, according to
appellants, Nichols advised Harald to abandon his $2.2 million claim, telling
him that, if he refused, the divorce court could impose extreme consequences on
him, including seizure of his passport, sanctions, and incarceration.  In addition, according to appellants, Nichols
strongly advised EMC to relinquish its interests in various assets, and EMC
agreed.  

On May 31, 2005, the parties
announced to the trial court that they had settled the case.[3]  The settlement agreement was submitted to the
court, and a final decree was prepared, reflecting the terms of the agreement.[4]

Shortly after, however, Harald and
EMC notified Nichols that they would not agree to the terms of the decree.  According to appellants, the EMC
representative who had attended the mediation had no authority to bind the
trust and the proper authority had refused to approve the agreement. Nichols
appeared before the trial court and signed off on the decree as “approved as to
form,” on behalf of Markus, Harald, and EMC, and the trial court signed the final
decree.

According to appellants, the effect
of the decree was that EMC lost the bulk of its assets, and Harald lost his
claim for reimbursement of $2.2 million. 


On June 22, 2007, appellants sued
Nichols in Harris County for negligence and breach of fiduciary duty.  Specifically, appellants alleged that Nichols
was negligent in

1.                
advising Harald to abandon his claims for return of his $2.2 million;

2.                
advising EMC to enter into the “agreement”;

3.                
signing off on the “agreement” without Harald’s or EMC’s authority;

4.                
“settling” the case instead of moving forward with trial;

5.                
failing to resist the trial court’s jurisdiction over EMC;

6.                
failing to pursue the claims against Gabrielle’s attorneys for the return
of Harald’s money;

7.                
jointly representing Markus, Harald and EMC when their interests were, in
part, not consistent with one another;

8.                
failing to make Harald’s “agreement” to abandon his claims conditional
upon the occurrence of other events involved in the settlement;

9.                
failing to obtain the informed consent of Harald and EMC in entering into
the “agreement”;

10.           
failing to take immediate remedial action to withdraw Harald’s and EMC’s
consent to the “agreement”; [and]

11.           
failing to properly and timely disclose to Harald and EMC his conflicts
or potential conflicts of interest in the joint representation[.]

 

Appellants alleged that Nichols breached
his fiduciary duties by charging unreasonable fees; representing the interests
of appellants jointly with that of other clients; failing to make complete and
adequate disclosure of all material facts; acting without appellants’ authority
or informed consent; and acting contrary to the instruction of his clients. 

On August 7, 2007, Nichols moved to
transfer the suit, for convenience, to Nueces County.  Nichols answered the suit, subject to the
motion to transfer.  Nichols did not
request a hearing on the motion to transfer.

On June 12, 2008, Nichols served on
appellants a Request for Disclosure, which states that it was “made subject to
and without waiving [Nichols’] motion to transfer venue.”  On July 14, 2008, appellants served their responses.

On July 14, 2008, appellants moved
for the entry of a new scheduling order, asserting that, because Nichols had
failed to diligently request a hearing or to obtain a ruling on his motion to
transfer, the deadlines in the scheduling order had become “unworkable” and
should be amended. Appellants also filed a “Motion to Overrule [Nichols’s]
Motion to Transfer Venue.”  The trial
court did not expressly rule on appellants’ motions.

On July 18, 2008, Nichols filed a
motion for a no-evidence summary judgment, pursuant to Rule of Civil Procedure
166a(i), on appellants’ negligence and breach of fiduciary duty claims.  Nichols listed the elements of appellants’ claims
and alleged that “[n]o evidence exist[ed] as to one or more of these elements.”  The motion was set for submission on August
11, 2008.

On August 4, 2008, appellants’
counsel moved for a continuance, asserting that Harald resided in Austria, was
currently overseas, and that counsel had not been able to reach Harald to
obtain his affidavit in response to the motion for summary judgment.  

Also on August 4, 2008, appellants
responded to the motion for summary judgment, subject to their motion to
continue.  Appellants contended that a
no-evidence summary judgment was “impermissible” on a breach of fiduciary duty
claim because Nichols, and not appellants, bore the burden of proof.  In addition, appellants contended an adequate
time for discovery had not passed, namely, because Nichols had failed to diligently
request a hearing or to obtain a ruling on his motion to transfer venue.  Appellants argued that Nichols had “lain
behind the transfer log for ten months” and, having filed a motion for summary
judgment “subject to their motion to transfer venue” only days before, Nichols
could not now allege that adequate time for discovery had passed.

As evidentiary support for their
negligence and breach of fiduciary duty claims, appellants appended a series of
correspondence between the parties regarding the motion to transfer;
appellants’ responses to Nichols’s Request for Disclosure; a piece of unsigned,
undated correspondence from Markus to Nichols; and a letter, dated June 28,
2005, from Nichols to Harald and Markus. 
The details of these items are discussed in more detail below.

On August 6, 2008, Harald’s
affidavit was executed and appellants sought leave to untimely file the affidavit.
 Appellants submitted Harald’s affidavit
to the trial court and requested that the trial court consider it, in spite of
the restrictions imposed by Rule of Civil Procedure 166a(c),[5] because counsel had been
unable to reach Harald until August 5, 2008; because the affidavit did “not
substantively change the basis of or support for” the motion for summary
judgment; because the affidavit “merely verifie[d] that which [appellants] said
in their responses” to Nichols’s Request for Disclosure; and because “no
surprise [wa]s occasioned upon [Nichols] by the contents of the affidavit.”  

The trial court did not expressly
rule on the motion for continuance or the motion for leave to untimely file the
affidavit.  On August 13, 2008, the trial
court granted summary judgment in favor of Nichols and ordered that appellants
take nothing.

No-Evidence Summary Judgment

A.      Standard of Review and Guiding Legal
Principles

After an adequate time for
discovery, the party without the burden of proof may move for a no-evidence
summary judgment, with or without presenting evidence, on the basis that there
is no evidence to support an essential element of the non-moving party’s claim. Tex. R. Civ. P. 166a(i). A no-evidence
motion for summary judgment is essentially a motion for a pre-trial directed
verdict. Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 581-82 (Tex. 2006). Once the
motion is filed, the burden shifts to the nonmoving party to present evidence
raising a genuine issue of material fact as to the elements specified in the
motion. Id. at 582. “We review the
evidence presented by the motion and response in the light most favorable to
the party against whom summary judgment was rendered, crediting evidence
favorable to that party if reasonable jurors could, and disregarding contrary
evidence unless reasonable jurors could not.” Id. “The court must grant the motion unless the respondent produces
summary judgment evidence raising a genuine issue of material fact.” Tex. R. Civ. P. 166a(i). If the
non-movant brings forward more than a scintilla of evidence that raises a
genuine issue of material fact, then summary judgment is not proper. Flameout Design & Fabrication, Inc. v.
Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.— Houston [1st Dist.] 1999, no pet.).  More than a scintilla exists when the
evidence rises to a level that would enable reasonable and fair-minded people
to differ in their conclusions. Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).

When, as here, a trial court does
not state the basis for its decision in its summary judgment order, we must
uphold the order if any of the theories advanced is meritorious. State Farm Fire & Cas. Co. v. S.S.,
858 S.W.2d 374, 380 (Tex. 1993).

B.      Adequate Time for Discovery

In their first issue, appellants
contend that Nichols moved for summary judgment before an adequate time for
discovery had passed. 

The commentary to Rule of Civil
Procedure 166a(i) provides: “A discovery period set by pretrial order should be
adequate opportunity for discovery unless there is a showing to the contrary,
and ordinarily a motion under paragraph (i) would be permitted after the period
but not before.” See Tex. R. Civ. P. 166a(i) cmt.  The specific factors to consider in
determining whether an adequate time for discovery has passed are (a) the
nature of the case; (b) the nature of the evidence necessary to controvert the
no-evidence motion; (c) the length of time the case was active; (d) whether the
movant had requested stricter deadlines; (e) the amount of discovery already
completed; and (f) whether the discovery deadlines in place were specific or
vague.  Madison v. Williamson, 241 S.W.3d 145, 155 (Tex. App.—Houston [1st
Dist.] 2007, pet. denied).  

Here, the record reflects that
appellants filed their original petition on June 22, 2007, and that the trial
court granted summary judgment in favor of Nichols on August 13, 2008.  Hence, the suit had been on file for over a
year before the trial court granted summary judgment.  It is undisputed that appellants did not
conduct any discovery during that period. 
The trial court’s docket control order provided specific deadlines—that the discovery period was to end
October 10, 2008, and that a motion for no-evidence summary judgment could not
be heard before August 11, 2008.  The
record reflects that the trial court heard the motion on August 11, 2008.   

Under these circumstances, we
conclude that the trial court did not abuse its discretion by determining that
adequate time for discovery had elapsed on appellants’ claims.  See
Williamson, 241 S.W.3d at 155-56 (holding
that trial court did not abuse its discretion when suit had been on file for
over one year before summary judgment was granted); McMahan v. Greenwood, 108 S.W.3d 467, 498-99 (Tex. App.—Houston
[14th Dist.] 2003, pet. denied) (same).

1.                
Transfer of Venue

In a sub-issue that bears on whether an adequate
time for discovery had passed, appellants contend
that they could not conduct discovery because Nichols’s motion to transfer
venue remained pending.  As Nichols
contends, however, Rule of Civil Procedure 88 provides, “Discovery shall not be
abated or otherwise affected by pendency of a motion to transfer venue.”  See
Tex. R. Civ. P. 88.

2.                
Motion for Continuance

In another sub-issue that bears on
whether an adequate time for discovery had passed, appellants contend that the
trial court erred by overruling their motion for continuance.

A party contending that it has not
had an adequate opportunity for discovery before a summary judgment hearing
must either file an affidavit explaining the need for further discovery or file
a verified motion for continuance. See
Tenneco Inc. v. Enter. Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996). 

Here, appellants filed a verified
motion for continuance.  It is undisputed
that the trial court did not expressly rule on the motion and that appellants
did not object to the lack of ruling.  Generally, such failure to obtain a ruling on a
motion for continuance waives the issue on appeal.  See
Tex. R. App. P. 33.1; Sw. Country Enters., Inc. v. Lucky Lady Oil
Co., 991 S.W.2d 490, 492-93 (Tex App.—Fort Worth 1999, pet. denied).  Appellants contend, rather, that the trial
court erred by “tacitly” failing or refusing to grant appellants’ motion for
continuance.  

Rule 33.1 provides that an implicit
ruling may be sufficient to present an issue for appellate review.  See Tex. R. App. P. 33.1; In re Z.L.T., 124 S.W.3d 163, 165 (Tex.
2003).  Here, by proceeding to submission
of the motion for summary judgment as scheduled, the trial court necessarily
implicitly denied appellants’ request for a continuance.  Hence, we review the ruling.

We review a trial court’s denial of
a motion for continuance for a clear abuse of discretion. Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004).
 A trial court abuses its discretion when
it reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law. Id.

Appellants’ counsel moved for a
continuance on the basis that appellants reside in Austria, were traveling
overseas, and that counsel had been unable, since the time the motion for
summary judgment was filed and set for submission, to obtain an affidavit from
Harald in response.  

Mere absence of a party does not
automatically entitle him to a continuance. See
Vickery v. Vickery, 999 S.W.2d 342, 363 (Tex. 1999).  The trial court may order a continuance of a
summary-judgment hearing if it appears “from the affidavits of a party opposing
the motion that he cannot for reasons stated present by affidavit facts
essential to justify his opposition.” Tex.
R. Civ. P. 166a(g).  The motion
must be supported by an affidavit showing: the length of time the case has been
on file, the materiality and purpose of the discovery sought, and whether the
party seeking the continuance has exercised due diligence to obtain the
discovery sought. See id.; Tex. R. Civ. P. 252; Vickery, 999 S.W.2d at 363; Perrotta v. Farmers Ins. Exch., 47
S.W.3d 569, 576 (Tex. App.—Houston
[1st Dist.] 2001, no pet.).

Appellants’ counsel’s motion states
that, “[i]n an abundance of caution, [appellants] thus request a continuance of
the submission date in order to allow [appellants] to submit affidavit evidence
in response.”  The motion is not
supported by an affidavit showing any of the requisite information regarding
materiality of the testimony or diligence in attempting to procure such
testimony.  Generally, when a movant
fails to include an affidavit in support of his motion, the appellate court
presumes the trial court did not abuse its discretion in denying the
continuance. See Villegas v. Carter,
711 S.W.2d 624, 626 (Tex. 1986).  We
cannot conclude that the trial court abused its discretion by implicitly
overruling appellants’ motion for continuance. 

Accordingly, we overrule
appellants’ first issue.[6]

C.      Harald’s Affidavit

In their second issue, appellants
contend that the trial court erred by overruling their motion to “late file”
the affidavit of Harald.   

Rule of Civil Procedure 166a(c)
provides that, “[e]xcept on leave of court, the adverse party” may file and serve
opposing affidavits or other written response “not later than seven days prior
to the day of hearing.”  Tex. R. Civ. P. 166a(c).  

Here, appellants moved for leave to
untimely file Harald’s affidavit on August 6, 2008, five days prior to the
trial court’s scheduled submission of the summary judgment.  It is undisputed that the trial court did not
expressly rule on the motion and that appellants did not object to the lack of
ruling.  See Tex. R. App. P.
33.1.  Appellants contend, rather, that
the trial court “tacitly” overruled their motion to untimely file the
affidavit. 

To the contrary, however, the order
granting summary judgment in this case, which states that the trial court
considered “the briefing, the arguments, the pleadings, motion, any response to
the motion for summary judgment, and any evidence,” does not indicate an
implied ruling on appellants’ motion for leave to file the affidavit.  See
Delfino v. Perry Homes, 223 S.W.3d 32, 34-35 (Tex. App.—Houston [1st Dist.] 2006, no pet.); see also Lewis v. Marina Bay Trucks, Inc.,
No. 14-02-00053-CV, 2007 WL 900785, at *3-4 (Tex. App.—Houston [14th Dist.]
Mar. 27, 2007, no pet.) (mem. op.).  The
trial court’s order granting summary judgment is equally consistent with having
made no ruling on the motion, having granted the motion, and having denied the
motion.  See Lewis, 2007 WL 900785, at *4.

We hold that appellants have not
preserved this issue for review.  See Tex.
R. App. P. 33.1.

Accordingly, appellants’ second
issue is overruled.  

D.      Summary Judgment in Favor of Nichols

In their third issue, appellants
contend that the trial court erred by granting summary judgment in favor of
Nichols.

1.                
Negligence

Appellants alleged that Nichols
committed various acts of professional negligence. To prevail on a professional
negligence claim against a lawyer, appellants were required to show that (1)
Nichols owed a duty to appellants; (2) Nichols breached that duty; (3) the
breach proximately caused appellants’ injuries; and (4) damages occurred. See Akin, Gump, Strauss, Hauer & Feld,
L.L.P. v. Nat’l Dev. and Research Corp., 299 S.W.3d 106, 112 (Tex. 2009).

In his motion for no-evidence
summary judgment, Nichols contended that no evidence exists to support any of
the elements of this claim.  

The burden then shifted to
appellants to produce evidence that raises a genuine issue of material fact on
the challenged elements.  See Tamez, 206 S.W.3d at 582 (“Once such
a motion is filed, the burden shifts to the nonmoving party to present evidence
raising an issue of material fact as to the elements specified in the motion.”).  If appellants brought forward more than a
scintilla of probative evidence to raise a genuine issue of material fact, then
summary judgment was not proper.  See Flameout Design & Fabrication, Inc.,
994 S.W.2d at 834.   More than a
scintilla exists when the evidence “rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.”  Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995).  If the evidence does nothing more than create
mere surmise or suspicion of fact, less than a scintilla exists. See Havner, 953 S.W.2d at 711–12.  We review the evidence in the light most
favorable to appellants and make all inferences in appellants’ favor.  See Morgan
v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000); Flameout Design & Fabrication, Inc., 994 S.W.2d at 834.  To defeat a motion for no-evidence summary
judgment, the respondent is not required to marshal its proof; its response
need only point out evidence that raises a fact issue on the challenged
elements.  Tex. R. Civ. P. 166a(i) cmt.        

As their evidentiary support, appellants
appended (1) their responses to Nichols’s Request for Disclosure; (2) undated correspondence
from Markus to Nichols; and (3) a letter, dated June 28, 2005, from Nichols to
Harald and Markus, in which Nichols states, as follows, in pertinent part: 

Please forgive me, but I had
little or no communication from or with you before the entry of the decree. . .
.  I had to operate in a vacuum, and try
to determine your wishes and directions. . . . 
Not hearing from you, I had to use my best professional judgment, which
I did, to protect your interests. . . . The drafts were sent to you by fax and
e-mail on each occasion but I heard nothing from you on the drafts or the
e-mails. . . . I have previously explained to you that signature “as to form
only” does not mean that you agreed to the substance and content but that you
only agree that [the] form of the decree is proper. . . . When the 6-22-05
hearing came I felt that it would have been professionally inappropriate not to
show up for the hearing since you did not respond to my request.  With the attitude of Judge Longoria being
what it is toward you, he would have received the wrong “message” from my not
being there and could have entered whatever decree presented to him. [sic]

 

As Nichols contends, appellants’ own
responses to Nichols’s request for disclosure do not constitute summary
judgment proof.  See Tex. R. Civ. P. 197.3
(stating answers to interrogatories may only be used against responding party);
Yates v. Fisher, 988 S.W.2d 730, 731
(Tex. 1998) (same); Jeffrey v. Larry
Plotnick Co., 532 S.W.2d 99, 102 (Tex. Civ. App.—Dallas 1975, no writ) (stating answers to
requests for admissions and interrogatories can be used only against responding
party). 

Even if we conclude that the
undated and unsigned correspondence purporting to be from Markus to Nichols and
the letter from Nichols to Harald, dated June 28, 2005, constitute proper summary
judgment evidence, neither addresses any duty of Nichols with regard to EMC or
the elements of causation and damages with regard to either appellant.

We cannot conclude that appellants have
met their burden to produce some summary judgment evidence on each of the
challenged elements of their negligence claim. 
We hold that the trial court did not err by granting summary judgment in
favor of Nichols on appellants’ negligence claim.  See
Tex. R. Civ. P. 166a(i). (“The
court must grant the motion unless the respondent produces summary judgment
evidence raising a genuine issue of material fact.”). 

2.                
Breach of Fiduciary Duty 

Appellants next contend that a
no-evidence summary judgment is not appropriate on their breach of fiduciary
duty claim because they, as plaintiffs, do not bear the burden; rather, “it is
the Defendant’s burden to prove that they complied with their fiduciary duties
to Plaintiffs.”  

To the contrary, to prevail on
their breach-of-fiduciary-duty claim, appellants
(as plaintiffs) were required to show (1) that appellants and Nichols had a
fiduciary relationship; (2) that Nichols breached his fiduciary duty; and (3)
that the breach resulted in injury to appellants or in a benefit to Nichols. See Abetter Trucking Co. v. Arizpe, 113 S.W.3d
503, 508 (Tex. App.—Houston
[1st Dist.] 2003, no pet.).

In his motion for no-evidence
summary judgment, Nichols contended that no evidence exists to support any of
the elements of this claim.  

Appellants relied on the same
evidence discussed above, under their negligence claim.  As above, we conclude that appellants’ own
answers to Nichols’s request for disclosure cannot constitute competent summary
judgment evidence.  

Here, again, even if we conclude
that the undated and unsigned correspondence purporting to be from Markus to
Nichols and the letter from Nichols to Harald, dated June 28, 2005, constitute
proper summary judgment evidence, neither addresses any fiduciary relationship
between Nichols and EMC or addresses any resulting injury to appellants or
benefit to Nichols.[7]

We cannot conclude that appellants
have met their burden to produce some summary judgment evidence on each of the
challenged elements of their breach-of-fiduciary-duty claim.  We hold that the trial court did not err by
granting summary judgment in favor of Nichols on appellants’ negligence and
breach-of-fiduciary-duty claim.  See Tex.
R. Civ. P. 166a(i).

Accordingly, we overrule
appellants’ third issue. 

Conclusion

We affirm the trial court’s
judgment.

 

                                                                   Laura
C. Higley

                                                                   Justice


 

Panel
consists of Justices Keyes, Hanks, and Higley.











[1]
          Gabrielle and Markus are not
parties to this appeal.  See In re Gabrielle Stauder-Hipold and
Markus Stauder, No. 03-7257-F (214th Dist. Ct., Nueces County, Tex.).

 





[2]
          A creditor may intervene in a
divorce suit, subject to being stricken by the trial court for sufficient cause
on the motion of any party.  See Tex.
R. Civ. P. 60; Fletcher v. Nat’l
Bank of Commerce, 825 S.W.2d 176, 179 (Tex. App.—Amarillo 1992, no writ); Wileman v. Wade, 665 S.W.2d 519, 520-21 (Tex. App.—Dallas
1983, no writ).

 





[3]           There is no record of a hearing before
us.

 





[4]           The decree is not in the record before
us.





[5]
          See Tex. R. Civ. P.
166a(c) (“Except on leave of court, the adverse party, not later than seven
days prior to the day of hearing may file and serve opposing affidavits or
other written response.”).

 





[6]           Appellants also contend that the trial
court erred by overruling their request for a new scheduling order.  This point is not briefed.  Hence, nothing is presented for our
review.  See  Tex. R. App. P. 38.1(i).





[7]           We recognize that when a client seeks the remedy of
equitable fee forfeiture and proves a breach of fiduciary duty by the attorney,
the client may obtain that remedy upon certain findings by the trial court,
without the need to prove causation or damages. 
See Burrow v. Arce, 997 S.W.2d
229, 246 (Tex. 1999).  Here, however,
appellants sought actual and consequential damages and not equitable fee
forfeiture.