**HOLT'S SPORTING GOODS CO. OF LUBBOCK, Appellant,**

v.

**AMERICAN NATIONAL BANK OF AMARILLO, Appellee.**

No. 7574.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 21, 1966.

Rehearing Denied April 4, 1966.

W. Hugh Harrell, Lubbock, for appellant.

Culton, Morgan, Britain & White, Amarillo, Neal R. Allen, Amarillo, of counsel, for appellee.

NORTHCUTT, Justice.

This is an appeal by the garnishor, Holt's Sporting Goods Company of Lubbock, from the trial court's judgment refusing to grant garnishor's motion for summary judgment and in granting the garnishee's, American National Bank of Amarillo, motion for summary judgment. Holt's Sporting Goods Company had a judgment against Joe A. Gaston for $610.29 and had a writ of garnishment served upon the bank on November 19, 1964. The bank answered stating it was indebted to Joe A. Gaston in the sum of $451.97 but that when the writ of garnishment was served upon it Joe A. Gaston was indebted to the bank in the sum of $1,437.22, the same being the unpaid balance due and owing on a promissory note given by Gaston to the bank. Then the bank further pleaded that after the writ was served upon it the bank set off its indebtedness to Gaston against Gaston's indebtedness to the bank and therefore the bank was not indebted to Gaston in any amount. The trial court granted the bank's motion for summary judgment discharging it on its answer and allowed the bank a $250 attorney's fee and denied Holt's Sporting Goods Company's motion. From that judgment Holt's perfected this appeal.

Appellee relies on the case of Gill v. Oak Cliff Bank & Trust Co., Tex.Civ.App., 331 S.W.2d 832, as being directly in point here. In the Gill case, it was a garnishment before judgment based upon a writ of attachment, which writ of attachment was dissolved. Herein it is a garnishment after garnishor had a legal judgment. We think that case is clearly distinguishable from this case. In the Gill case the writ of garnishment had been quashed. Consequently, the garnishee was under no obliga-

tion to the garnishor. The bank in the Gill case answered that Jester was indebted and obligated to the bank in the amount of $2,944.24 on the date the writ of garnishment was served upon it and that on the day of such service the appellee applied the amount of the deposit of Jester to the indebtedness which he owed the bank. If Jester was indebted and obligated to the bank in the sum of $2,944.24 on the date the writ was served, we think the bank would have the right to apply any amount owed to Jester by the bank to Jester's obligation.

In this case at bar there is a different condition existing when the writ of garnishment was served in this case there was one installment due. The bank did not declare the obligation matured but accepted the payment of the monthly installment due every month up to the date of the judgment. Consequently, Gaston did not owe the bank anything on the date of the judgment. We think originally when the writ was served on the bank if they had declared the Gaston obligation matured and applied the $451.97 to that obligation, they could have done so; but did not do that, but waived the right and are accepting payments as originally provided under the terms of the note.

We think under this record the sole question to be determined is whether the bank was entitled to apply the $451.97 to the indebtedness owed by Gaston to the bank. The indebtedness originally owed to the bank by Gaston was evidenced by one installment note for the sum of $2,703.96 payable in monthly installments of $75.11 each and secured by chattel mortgage upon a Pontiac sedan. The installments were payable on the fifteenth of each month. When the writ of garnishment was served upon the bank Gaston was in default by four days upon his installment payment due November 15, 1964. We are familiar with the rule that the bank might have set off the account of Gaston in case he was insolvent or in case of past-due indebtedness and that the bank could have declared Gaston's entire indebtedness due when installments were past due but neither of those conditions were shown to exist in this case.

Under this record after the bank was served with the writ of garnishment it sent a notice to Gaston stating such installment was past due as was their customary procedure. They never did declare the balance due on the note as being matured but on the contrary continued to accept the monthly installments from Gaston up to the date of the rendition of the trial court's judgment herein. Neither did the bank apply the $451.97 to the credit of Gaston's note but made a notation upon Gaston's bank account not to pay any checks as the account had been garnisheed. We think the appellee herein waived its right to apply the $451.97 to Gaston's indebtedness to the bank.

It is stated in Stockyards Nat. Bank v. Presnall, 109 Tex. 32, 194 S.W. 384 as follows:

"It is a primary rule that a debt must have matured to be available as a off-set. An exception is made where the debtor is insolvent. But this is upon the equitable ground that, otherwise, the debt cannot be collected."

See also Kane v. First Nat. Bank of El Paso, 5 Cir., 56 F.2d 534, 85 A.L.R. 362.

There is nothing in this record to indicate Gaston was insolvent; that the note had been matured or that the debt might not be collected, but on the contrary, shows that Gaston has continued since the writ of garnishment was served upon the bank to pay the monthly installments as he had been doing before service of the writ.

It is stated in First Nat. Bank of Schulenburg v. Winkler, 139 Tex. 131, 161 S.W. 2d 1053, as follows:

"Ordinarily the relation between the bank and a depositor is that of debtor and creditor, and, as a consequence, the bank has the right to set off the amount

of the deposit against an equal amount of indebtedness which the depositor owes the bank. This right is accorded by equity to the bank, and same may be waived by the bank or be overborne by the superior equity of a third person. 6 Tex.Jur. p. 234. The origin and nature of the bank's right of set-off is thus explained in Van Winkle Gin & Machinery Co. v. Citizen's Bank, 89 Tex. 147, 33 S.W. 862, 864: 'The relation of the bank to its depositors is that of debtor and creditor, and its right to offset its indebtedness to the depositor against the indebtedness of the latter to it is of an equitable nature, intended for its protection, and does not depend upon any statute in relation to offsets. It is generally said that it is optional with the bank whether it will avail itself of this right. [Citizens'] Bank v. Carson, 32 Mo. 191; Jermain v. Denniston, 6 N.Y. 276; Marsh v. [Oneida Cent.] Bank, 34 Barb. [N.Y.], 298; Pitts v. Congdon, 2 N.Y. 352 [51 Am.Dec. 299]; Beardsley v. Warner, 6 Wend. [N.Y.], 610; [Ticonic] Bank v. Johnson, 21 Me. 426; [Shackamaxon] Bank v. Kinsler, 16 Wkly, Notes Cas. 509.' "

■ Since the garnishee herein by its answer became a litigant with appellant, the attorney's fee must be denied as well as the cost of the court below and of this appeal and will be taxed against the garnishee. Moursund v. Priess, 84 Tex. 554, 19 S.W. 775; Presnall v. Stockyards Nat. Bank, Tex.Civ.App., 151 S.W. 873 and affirmed 109 Tex. 32, 194 S.W. 384.

We believe under this record that the bank waived whatever rights it might have had to hold the $451.97 as was attempted. Judgment of the trial court is reversed and judgment here rendered for Holt's Sporting Goods Company for the sum of $451.97 together with all costs.

Judgment of the trial court is reversed and rendered.