R. G. CARTER et al., Appellants,

v.

Bradley Bud LEITER, Appellee.

No. 17815.

Court of Civil Appeals of Texas, Dallas.

Jan. 28, 1972.

Rehearing Denied Feb. 17, 1972.

Ben Warder, Jr., Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellants.

Edward S. Koppman, Rosenfield, Mittenthal & Koppman, Dallas, for appellee.

BATEMAN, Justice.

The appellants, individual members of the law firm of Carter, Jones, Magee, Rudberg, Moss and Mayes, appeal from an adverse judgment in a garnishment suit against the appellee Bradley Bud Leiter. Appellants had represented appellee's former wife, Nancy Toy Leiter, in her divorce suit against appellee, and as intervenors in that divorce case obtained a judgment against appellee and Nancy Toy Leiter,

jointly and severally, for $2,175 with interest and costs. The writ of garnishment is not in the transcript but it appears from the appellee's answer that the writ was served on him on February 12, 1971.

Appellee answered that he was indebted to Nancy Toy Leiter on February 12, 1971 in the sum of $5,000, but that at the time of filing his answer he was not indebted to her in any amount; that his indebtedness of $5,000 was due to his promise to pay Nancy Toy Leiter that amount for her homestead interest in real property owned by them, and was therefore exempt from garnishment; that he was not at any time in possession of any effects belonging to Nancy Toy Leiter, and knew of no other person or persons indebted to her or having effects belonging to her in their possession; that he had employed attorneys to represent him in this cause and had agreed to pay them a reasonable fee; and that the personal judgment against Nancy Toy Leiter, which was the basis of the garnishment, was a joint and several judgment against Nancy Toy Leiter and appellee, and was therefore *res judicata* between appellants and appellee.

The trial court's judgment discharged the garnishee (appellee), adjudged that appellants take nothing and taxed the costs, including a reasonable attorney's fee of garnishee's attorneys in the sum of $300 with interest, against appellants, and provided for execution.

The judgment does not disclose on what basis or for what reason it was rendered, and there are no findings of fact or conclusions of law in the transcript. In his answer appellee raised two defenses: (1) that the $5,000 which he owed his former wife at the time the writ was served on him, and which he paid between that time and the time of filing his answer, represented the proceeds of the sale of the wife's interest in their homestead and was therefore exempt for a period of six months by the terms of Vernon's Tex. Rev.Civ.Stat.Ann., art. 3834 (1966); and

that appellants' judgment, being against appellee and his former wife, jointly and severally, was *res judicata*.

■ Appellee argues under the plea of *res judicata* that as appellants had already obtained a judgment against him, they would not be entitled under the law to another judgment against him for the same debt. We agree. Rules 667 and 668, Vernon's Texas Rules of Civil Procedure, provide, respectively, that if the garnishee fails to answer, or if his answer reflects that he is indebted to the original defendant, the plaintiff in garnishment is entitled to recover in the garnishment suit a judgment against the garnishee for the amount of his original debt. But here the plaintiffs in garnishment already had such a judgment against him. We know of no theory under which they would be entitled to a second enforceable judgment against the same debtor for the same debt. If they obtained two such judgments, the payment of one would discharge both. Therefore, in our opinion, the garnishment proceeding here was futile in that it could in no way improve appellants' position or assist them in collecting their debt. On this ground alone we affirm the judgment that appellants take nothing.

In view of this holding, we do not reach the question of whether the $5,000 was exempt as proceeds of the sale of the homestead.

Appellants also complain of the award of the $300 attorney's fee to appellee on the ground that appellee wrongfully paid the funds to Nancy Toy Leiter and is for that reason "not entitled to recover attorney fees incurred by him."

Rule 677, T.R.C.P., is as follows:

"Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon,

such costs shall be taxed against the defendant and included in the execution provided for in this section; *where the answer is contested, the costs shall abide the issue of such contest.*" (Italics ours.)

■ Appellee's answer was "contested" in the sense that appellants have consistently maintained that the $5,000 in question was not exempt, while appellee has with equal consistency maintained that it was; and appellants contend that the doctrine of *res judicata* does not apply, while appellee contends that it does. Having agreed with appellee on one of his defenses, we are constrained to follow the rule and let the costs "abide the issue." In our opinion, appellee was within his rights in resisting appellants' effort to obtain a second judgment against him for the same debt, and it was reasonably necessary for him to employ attorneys to assert his defense. The issue having been determined in his favor, both in the trial court and in this court, the awarding of costs, including the attorney's fee, was proper.

Had the decision been against appellee, no fee would be allowed and the costs would have been taxed against him. Holt's Sporting Goods Co. v. American National Bank, 400 S.W.2d 943, 946 (Tex.Civ.App., Amarillo 1966, writ dism'd) and the authorities cited therein.

Appellee urges in a cross-point that we should remand the case to the trial court for the sole purpose of giving that court an opportunity to determine the reasonable amount of attorneys' fees incurred by appellee incident to this appeal that should be taxed as costs. Appellee in his answer alleged the employment of counsel and asked that a reasonable fee be awarded without alleging a specific amount and without requesting that an additional fee be allowed in the event of an appeal. Appellee introduced expert testimony that a reasonable fee for services in the trial court would be $780, with additional fees for services in the appellate courts. In the judgment the trial court found that appellee was "entitled to judgment and that all costs, including the sum of $300.00 which constitutes Garnishee's reasonable attorney's fee in the trial court be taxed against Plaintiffs."

■ Thus, the trial court declined to allow attorneys' fees for services to be rendered on appeal, either by the means employed in International Security Life Insurance Co. v. Spray, 468 S.W.2d 347 (Tex.Sup.1971), or as was done in Cooksey v. Jordan, 104 Tex. 618, 143 S.W. 141 (1912),* and appellee has not assigned any error in this ruling. Even in the cross-point in his brief he does not say the trial court erred; he merely "requests" us to remand for the purpose stated. We know of no authority requiring or permitting us to do so under these circumstances, and have been cited to none. See Van Hoose v. Moore, 441 S.W.2d 597, 619 (Tex.Civ.App., Amarillo 1969, writ ref'd n. r. e.), reiterating the well-known rule that a court of civil appeals "is limited to a determination of questions affecting the correctness of the judgment rendered by the court below." Therefore, the cross-point is overruled.

´Affirmed.

---

* In *Spray* the trial court allowed a fee large enough to cover services in the appellate courts as well as in the trial court, and provided that the judgment be credited with certain amounts if the several appellate steps were not taken. In *Cooksey* the trial court allowed $150 as attorney's fee if no appeal was taken and $250 "in the event of an appeal." The Supreme Court in *Cooksey* held the latter award invalid as violating the rule that there should be but one final judgment in any case. However, in *Spray* the court, while approving the method used in *Spray*, said "it is the better practice to allocate the fee only if the additional work is actually done," specifically overruling its opinion to the contrary in *Cooksey*.