**Jack ROWLEY and Beverly Rowley, Appellants,**

v.

**LAKE AREA NATIONAL BANK, Mark E. Patterson, and Cynthia L. Patterson, Appellees.**

**No. 01–96–00314–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 19, 1998.

Rehearing Overruled July 30, 1998.

---

Kenneth H. Keeling, Hunstville, for Appellants.

Joe B. Henderson, Jr., Dale Reynolds Duff, Huntsville, for Appellees.

Before WILSON, COHEN and NUCHIA, JJ.

## OPINION

WILSON, Justice.

This is an appeal by the garnishors, Jack and Beverly Rowley (the Rowleys), from the trial court's judgment granting the garnishee's, Lake Area National Bank's (LANB), motion for summary judgment and in refusing to grant the Rowleys' motion for summary judgment. The Rowleys bring eight points of error. In points of error one, two, three, four, five, and six, the Rowleys attack each ground upon which LANB's summary judgment could have been granted. Points of error seven and eight concern the discharge of another party and the Rowley's motion for summary judgment. In addition, LANB brings two cross-points concerning the trial court's failure to discharge LANB on its answer and the trial court's refusal to award LANB its attorney's fees. We reverse the judgment insofar as it denies LANB attorney's fees, and remand to the trial court for consideration of the appropriate award of attorney's fees. We affirm the judgment in all other respects.

1. John W. Parsley signed the Contract as "John W. Parsley, Contractor."

## Facts

In February of 1994, Parsley Custom Homes, Inc. submitted a proposal concerning the construction of a house for Mark E. Patterson and Cynthia L. Patterson (the Pattersons). The proposal was signed by Parsley Custom Homes, Inc., per John W. Parsley. The proposal was accepted by the Pattersons, and in May of 1994, the Pattersons, John W. Parsley,[1] and LANB entered into a builder's and mechanic's lien contract (the Contract) concerning the construction of the home. In addition, the Pattersons executed a promissory note (the Note) payable to LANB for $72,051.00. Pursuant to the Contract and the Note, LANB established a special account for the Pattersons in which LANB would deposit advancements in accordance with the Note. Only the Pattersons were authorized to withdraw funds from the account. The Pattersons wrote checks on the account to Parsley Custom Homes, Inc. in payment for work done.

In 1990, in an unrelated suit, the Rowleys obtained a judgment against Parsley Homes, Inc., John W. Parsly, and Barbara Parsley. The Rowleys filed an abstract of judgment against John W. Parsley and Parsley Homes, Inc. in Montgomery and Harris counties. On August 18, 1994, the Rowleys filed an application of writ of garnishment on the Pattersons' account and served LANB the same day. The Pattersons were served with notice of the writ of garnishment on August 31, 1994. After being notified of the writ, LANB disbursed the remainder of the loan money under the Note to the Pattersons (in their name) on August 29, 1994 ($18,733.26), August 31, 1994 ($1,441.02), and September 26, 1994 ($15,551.22).

Both LANB and the Pattersons answered the writ of garnishment. In LANB's first amended answer, filed September 29, 1994,[2] LANB stated that it was served with the writ on August 18, 1994; it was not indebted to Parsley Homes, Inc., John W. Parsley, or Barbara Parsley; and it did not have any effects belonging to Parsley Homes, Inc., John W. Parsley, or Barbara Parsley.

2. LANB filed its original answer to the writ of garnishment on September 9, 1994.

LANB also stated it had reason to believe the Pattersons may have been indebted to John W. Parsley, or that the Pattersons may have effects belonging to Parsley Homes, Inc., John W. Parsley, or Barbara Parsley. LANB also claimed that through the Contract, it may have been indebted to John W. Parsley as contractor, but these funds were trust funds for the purpose of building a home and were exempt from garnishment. The Pattersons, in separate answers to the writ of garnishment, alleged that they were served with the writ on August 31, 1994; that they were not indebted to John W. Parsley, Barbara Parsley, or Parsley Homes, Inc; and that they were not in possession of any effects belonging to John W. Parsley, Barbara Parsley, or Parsley Homes, Inc. The Pattersons additionally stated that they were indebted to Parsley Custom Homes, Inc., and that the funds in the LANB account were trust funds to be paid for work done on the construction of their home.

Both LANB and the Rowleys moved for summary judgment. The trial judge granted LANB's motion, but denied its request for attorney's fees, and denied the Rowleys' motion. In its judgment, the trial court discharged LANB and the Pattersons from the writ of garnishment.

### Standard of Review

■ When both parties move for summary judgment and one such motion is granted, but the other denied, an appellate court should determine all questions presented. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988); *Phillips Natural Gas Co. v. Cardiff*, 823 S.W.2d 314, 317 (Tex.App.—Houston [1st Dist.] 1992, writ denied). The appellate court may reverse the trial court's judgment and render such judgment as the trial court should have rendered, including rendering judgment for the other movant. *Jones*, 745 S.W.2d at 900; *Cardiff*, 823 S.W.2d at 317.

■ In a motion for a summary judgment, the movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). If a defendant moves for judgment based on an affirmative defense, the defendant must conclusively establish each element of the affirmative defense as a matter of law. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995); *Fernandez v. Memorial Healthcare Sys., Inc.*, 896 S.W.2d 227, 230 (Tex. App.—Houston [1st Dist.] 1995, writ denied). In reviewing a summary judgment, we must accept as true evidence in favor of the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Marchal v. Webb*, 859 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied). We will affirm the summary judgment if any of the theories advanced in the motion are meritorious. *Cincinnati Life Ins., Co. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996).

### Was LANB Indebted to John W. Parsley?

■ In point of error four, the Rowleys contend the trial court erred in granting LANB's motion for summary judgment on the ground that LANB was not indebted to John W. Parsley. Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of the debt. *Bank One, Texas, N.A. v. Sunbelt Sav., F.S.B.*, 824 S.W.2d 557, 558 (Tex.1992); *Baytown State Bank v. Nimmons*, 904 S.W.2d 902, 905 (Tex.App.—Houston [1st Dist.] 1995, writ denied). The only real issue in a garnishment action is whether the garnishee is indebted to the judgment debtor, or has in its possession effects belonging to the debtor, at the time of service of the writ on the garnishee, and at the time the garnishee files its answer. *Baytown*, 904 S.W.2d at 905.

■ Funds placed with a bank become general deposits that create a debtor-creditor relationship between the bank and the depositor. *Bank One*, 824 S.W.2d at 558. A garnishee bank is not indebted to a judgment debtor unless some form of deposit agreement creates a debtor-creditor relationship between the bank and the judgment-debtor. *Id.* A plaintiff in garnishment is subrogated to the rights of his debtor against the garnishee. *Beggs v. Fite*, 130 Tex. 46, 106

S.W.2d 1039, 1042 (1937); *Rome Indus., Inc. v. Intsel Southwest*, 683 S.W.2d 777, 779 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). By strict compliance with the garnishment statutes, a plaintiff in garnishment merely steps into the shoes of his debtor as against the garnishee, and may enforce, as against such garnishee, whatever rights the debtor could have enforced had such debtor been suing the garnishee directly. *Beggs*, 106 S.W.2d at 1042; *San Felipe Nat'l Bank v. Caton*, 668 S.W.2d 804, 805 (Tex. App.—Houston [14th Dist.] 1984, no writ).

■ The funds at issue in this case are the proceeds of a loan from LANB to the Pattersons to provide interim financing for the construction of the Pattersons' home. Based upon the Note, LANB agreed to lend money at a prescribed rate of interest to the Pattersons. Upon proper circumstances, LANB would transfer proceeds into the Pattersons account to be used for the construction of the Pattersons' home. The Note provides in part:

> The parties agree that the entire principal sum stated above is not to be advanced immediately. Advancement will be made from time to time in such amounts as may be requested by Borrower provided that Bank determines that construction is progressing in a manner which Bank deems to be satisfactory to comply with the terms of that certain Builder's & Mechanic's Lien Contract (With Power of Sale) of even date herewith between MARK EDWARD PATTERSON, and wife, CYNTHIA PATTERSON and LAKE AREA NATIONAL BANK.

The money was deposited in the Pattersons' account only upon the request by the Pattersons and approval by LANB. Only the Pattersons could draw or write checks on that account. John W. Parsley never had direct access to the account, and in fact, never had an account relationship with LANB.

In their brief, the Rowleys argue that the Contract entered into by the Pattersons, John W. Parsley, and LANB constituted a debt owed to John W. Parsley. We disagree. The applicable language of the Contract is as follows:

> THIS CONTRACT made and entered into by, and between MARK EDWARD PATTERSON and wife, CYNTHIA PATTERSON, ... hereinafter called Owner (whether one or more) and JOHN W. PARSLEY, ... hereinafter called Contractor (whether one or more) and LAKE AREA NATIONAL BANK ... hereinafter called Lender.
>
> . . . .
>
> In consideration of the agreement by Lender to advance the contract amount, being SEVENTY TWO THOUSAND FIFTY ONE AND NO/100 DOLLARS ($72,051.00) to Contractor, Owner has executed and delivered to Lender a Note in the sum of SEVENTY TWO THOUSAND FIFTY ONE AND NO/100 DOLLARS ($72,051.00) to be advanced by Lender in accordance with the agreement of Lender and Owner as reflected in the terms of said note.
>
> . . . .
>
> To secure prompt payment of the amount to be advanced to Contractor by Lender at the request of Owner, as evidenced by the above referenced note, and the interest payable to Lender, Owner gives and grants to Contractor, and Contractor transfers and assigns to Lender, a Builder's and Mechanic's and Materialmen's Lien upon the property described . . . .

The Contract specifically states that the funds will be advanced in accordance with the terms of the Note. As set out above, the Note provides for the funds to be placed in the Pattersons' account at their request and at LANB's approval. LANB had no duty under the note to distribute funds to John W. Parsley. The funds were placed in the Pattersons' account only. Without an account relationship, there was no debt due John W. Parsley. In addition, as the garnishors, the Rowleys acquired no greater rights than the judgment-debtor, John W. Parsley. Because John W. Parsley had no right to these funds, neither did the Rowleys. Therefore, LANB was neither indebted to nor possessed effects of John W. Parsley.

■ In point of error four, the Rowleys also argue that LANB admitted in its original answer and amended answer that it was

indebted to John W. Parsley.[3] These statements, however, were not admissions but answers in the alternative raising affirmative defenses. Moreover, LANB had a duty to disclose any defense to the garnishment writ of which it was aware. *Southwest Bank & Trust Co. v. Calmark Asset Management, Inc.*, 694 S.W.2d 199, 200–201 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). We, therefore, find the trial court did not error in granting LANB's motion for summary judgment.

We overrule point of error four.

### Discharge of the Pattersons

In point of error seven, the Rowleys assert the trial court erred in discharging the Pattersons. The Rowleys argue that they are unable to determine on what basis the trial court discharged the Pattersons because they did not file a motion for summary judgment, and there was not a trial on the merits. Furthermore, the Rowleys assert that the Pattersons' answers to the writ of garnishment did not comply with Tex.R. Civ. P. 665 and 666, and therefore the Pattersons were not entitled to discharge by their answer. We disagree.

The fact that the Pattersons did not file a motion for summary judgment and there was no trial on the merits would indicate the Pattersons were discharged on their answer. Rule 665 provides:

The answer of the garnishee shall be under oath, in writing and signed by him, and shall make true answers to the several matters inquired of in the writ of garnishment.

Tex.R. Civ. P. 665. Additionally, Tex.R. Civ. P. 666 requires three items for discharge: (1) a denial that the garnishee is indebted to the defendant; (2) a denial that the garnishee has effects of the defendant; and (3) a denial of knowledge of third persons who may be indebted to the defendant or have effects of the defendant, or the names of such persons. *Healy v. Wick Bldg. Sys., Inc.*, 560 S.W.2d 713, 716 (Tex.Civ.App.—Dallas 1977 writ ref'd n.r.e.).[4]

Mark Patterson filed his answer to the writ of garnishment on September 19, 1994. The answer was under oath, in writing, signed by Mark Patterson, and contained true answers to the several matters inquired of in the writ of garnishment. Cynthia Patterson filed her answer to the writ of garnishment on September 19, 1994. The answer was under oath, in writing, signed by Cynthia Patterson, and contained true answers to the several matters inquired of in the writ of garnishment. Both answers state the Pattersons are not indebted to John W. Parsley, Barbara Parsley, or Parsley Homes, Inc. and have no effects of John W. Parsley, Barbara Parsley, or Parsley Homes, Inc. The answers also state the exempt nature of the construction payments. The answers, however, do not contain a denial of knowledge of third persons who may be indebted to the defendant or have effects of the defendant, or the names of such persons.

The Rowleys did not controvert Mark Patterson's or Cynthia Patterson's answers as provided by Tex.R. Civ. P. 673.[5] Moreover,

---

3. Paragraph V of LANB's first amended answer states:

LANB would further show pursuant to a *Builder's and Mechanic's Lien Contract*, LANB may have been indebted to **JOHN W. PARSLEY** as Contractor, however, any funds held by LANB were construction payments for the specific purpose of building a home. Further, these funds were "trust funds" and are therefore exempt from garnishment.

4. Rule 666 states:

If it appears from the answer of the garnishee that he is not indebted to the defendant, and was not so indebted when the writ of garnishment was served upon him, and that he has not in his possession any effects of the defendant and had not when the writ was

served, and if he has either denied that any other persons within his knowledge are indebted to the defendant or have in their possession effects belonging to the defendant, or else has named such persons, should the answer of the garnishee not be controverted as hereinafter provided, the court shall enter judgment discharging the garnishee.

Tex.R. Civ. P. 666.

5. Rule 673 states:

If the plaintiff should not be satisfied with the answer of any garnishee, he may controvert the same by his affidavit stating that he has good reason to believe, and does believe, that the answer of the garnishee is incorrect, stating in what particular he believes the

it appears from the answers that the Pattersons were not indebted to John W. Parsley, Barbara Parsley, or Parsley Homes, Inc. nor do they have any effects in their possession. We, however, note that the answer did not fully comply with TEX.R. CIV. P. 666 because of the lack of a statement concerning knowledge of third persons who may be indebted to the defendant. We find nothing in the · Rowleys' brief or in the record indicating the Rowleys brought this deficiency to the attention of the trial judge. The Pattersons' answers were not controverted by the Rowleys pursuant to TEX.R. CIV. P. 673 nor was a motion for new trial brought. *See Luna v. Southern Pac. Transp.* Co., 724 S.W.2d 383, 384 (Tex.1987). Finally, this third element is not germane to any of the issues in this case. We, therefore, find that the Rowleys failed to preserve any error, and even in the event the Rowleys did preserve the error, such error was harmless.

We, therefore, find the Pattersons were entitled to discharge pursuant to TEX.R. CIV. P. 666.

We overrule point of error seven.

## The Rowleys' Motion for Summary Judgment

In point of error eight, the Rowleys argue the trial court erred in not granting their motion for summary judgment. In their motion for summary judgment, the Rowleys assert that LANB and the Pattersons failed to respond to the questions propounded in the writ of garnishment as to what effects LANB and the Pattersons had in their possession and the amount that LANB and the Pattersons were indebted to the judgment debtor, John W. Parsley. As set out above, we found that there was no debt owing John W. Parsley by LANB, and that the Pattersons had been properly dismissed.

We overrule point of error eight.

## Attorney's Fees

In cross-point two, LANB asserts the trial court erred in refusing to award it attorney's

same to be incorrect. The defendant may also, in like manner, controvert the answer of the garnishee.

fees because it prevailed in the contest over the bank's answer to the Rowley's writ of garnishment and offered uncontested evidence of attorney's fees. We agree.

TEX.R. CIV. P. 677 reads:

Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this section; *where the answer is contested, the costs shall abide the issue of such contest.*

(emphasis added). In construing rule 677, the term "costs" has consistently been interpreted to include attorney's fees. *Moody Nat'l. Bank v. Riebschlager,* 946 S.W.2d 521, 525 (Tex.App.—Houston [14th Dist.] 1997, writ denied); *Henry v. Insurance Co. of N. Am.,* 879 S.W.2d 366, 369 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Go Int'l, Inc. v. Big–Tex Crude Oil Co.,* 531 S.W.2d 208, 211 (Tex.Civ.App.—Eastland 1975, no writ); *Carter v. Leiter,* 476 S.W.2d 461, 463 (Tex. Civ.App.—Dallas 1972, writ ref'd n.r.e.); *Pan Am. Nat'l Bank v. Ridgway,* 475 S.W.2d 808, 809 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.).

The first clause of rule 677 does not apply to the facts of this case because the garnishee, LANB, was not discharged on its answer. The second clause of rule 677 does not apply because the answer of the garnishee, LANB, was controverted, and furthermore, LANB was not held liable thereon. All agree that the third clause of rule 677 controls this question. Unfortunately, Texas jurisprudence is quite confusing on the meaning of the language "where the answer is contested, the costs shall abide the issue of such contest."

The final judgment denied LANB and the Pattersons attorney's fees and stated, "Costs of court are hereby taxed against the party incurring same." LANB was not discharged

TEX.R. CIV. P. 673.

on its answer; instead, it assumed the contest and won a judgment that it was not liable to the Rowleys.

Here, the garnishee, LANB, prevailed at trial and also on appeal. The narrow issue presented is whether the language of rule 677, "the costs shall abide the issue of such contest," mandates the award of some measure of attorney's fees to the winner, in this case LANB.

■■ The cases concerning attorney's fees in a contested case are in conflict as to the definition and application rule 677. Some courts have applied what appears to be a per se rule of no attorney's fees.[6] Other courts, however, have interpreted the language to allow the garnishee to recover its costs even though the answer was contested, where the garnishee was the prevailing party. *See, e.g., Carter v. Leiter,* 476 S.W.2d 461, 463 (Tex. Civ.App.—Dallas 1972, writ ref'd n.r.e.).

In *Carter,* the court decided the issue with clear prose, exquisite simplicity, and faithfulness to the text of rule 677. It ignored the confusing jurisprudence, which we discuss below, and, probably for that reason, reached the right result for the right reason. The court in *Carter* stated:

> [Garnishee's] answer was 'contested' in the sense that [garnishors] have consistently maintained that the $5,000 in question was not exempt, while [garnishee] has with equal consistency maintained that it was; and [garnishors] contend that the doctrine of res judicata does not apply, while [garnishee] contends that it does. Having agreed with [garnishee] on one of his defenses, we are constrained to follow the rule and let the costs 'abide the issue.' In our opinion, the [garnishee] was within its rights in resisting [garnishors] effort to obtain a second judgment against him for the same debt, and it was reasonably nec-

essary for him to employ attorneys to assert his defense. *The issue having been determined in his favor,* both in the trial court and in this court, the awarding of costs, including the attorney's fee, was proper.

> *Had the decision been against* [garnishee], no fee would be allowed and the costs would have been taxed against him.

*Carter,* 476 S.W.2d at 463 (emphasis added) (citing *Holt's Sporting Goods Co. v. American Nat. Bank,* 400 S.W.2d 943, 946, (Tex. Civ.App.—Amarillo 1966, writ dism'd)).

We agree with the holding and the reasoning in *Carter.* We therefore sustain LANB's cross-point two, reverse the judgment denying any attorney's fees to LANB, and remand for a hearing to determine the amount of attorney's fees appropriate in the sound discretion of the trial court.

### The Confused Jurisprudence Under Tex.R. Civ. P. 677

Despite the language of rule 677 and its predecessor statute, many Texas cases have stated that once a garnishee contests the proceeding and becomes an active litigant, it loses its right to recover any attorney's fees. These statements are not consistent with the language of rule 677 or its predecessor statute. Unfortunately, an earlier edition of *Texas Jurisprudence* has incorrectly cited these statements as the law in Texas. *See* 17 Tex. Jur.3d *Creditors' Rights and Remedies* § 442 (1982).

In most cases containing this statement, the garnishee was properly denied attorney's fees simply because it lost the case. Obviously, no court should award attorney's fees to a garnishee who contests a lawsuit and loses. That is precisely the holding of *Carter.*

---

**6.** *See, e.g., Henry v. Insurance Co. of N. Am.,* 879 S.W.2d 366, 369 (Tex.App.—Houston [14th Dist.] 1994, no writ) ("[I]t is settled law that once a garnishee contests the garnishment proceeding and becomes an active litigant, it is no longer entitled to recover attorney's fees, because 'where the answer is contested, the costs shall abide the issue of such contest.'"); *Daniels v. Pecan Valley Ranch, Inc.,* 831 S.W.2d 372, 386 (Tex.App.—San Antonio 1992, writ denied) ("A garnishee who, instead of merely stating the facts in his answer, assumes the burden of the contest shall not be awarded attorney's fees."); *Holt's Sporting Goods Co. of Lubbock v. American Nat'l Bank of Amarillo,* 400 S.W.2d 943, 946 (Tex.Civ. App.—Amarillo 1966, writ dism'd) ("Since the garnishee herein by its answer became a litigant with appellant, the attorney's fee must be denied....").

The opinion of *Henry v. Insurance Co. of North America,* 879 S.W.2d at 369 states:

> It is settled law that once a garnishee contests the garnishment proceeding and becomes an active litigant, it is no longer entitled to recover attorney's fees, because "where the answer is contested, the costs shall abide the issue of such contest."

This statement was both incorrect and unnecessary. The issue in *Henry* was whether the garnishor—not the garnishee—could recover attorney's fees. *Id.* at 368, 369. The holding was that no attorney's fee would be awarded to the garnishor. Rule 677 probably did not apply in *Henry* case because it speaks only to whether the garnishee may recover costs, not whether the garnishor may do so.

In *Holt's Sporting Goods Co. of Lubbock v. American Nat. Bank of Amarillo,* 400 S.W.2d 943, 946 (Tex.Civ.App.—Amarillo 1966, writ dism'd), the court stated: "Since the garnishee herein by its answer became a litigant with appellant, the attorney's fees must be denied...." However, in *Holt's,* the reason the garnishee should have been denied attorney's fees was not that it became a litigant, but that it became a litigant and lost the suit. In that case, as in many, the trial court ruled that the garnishee won on the merits and won attorney's fees. The appellate court reversed that judgment and rendered judgment for the garnishor. Naturally, it set aside the attorney's fee awarded to the garnishee, as it would have done to any losing litigant.

Further support for this reasoning is found in *Reid v. Walsh,* 63 S.W. 940 (Tex.Civ. App.—Fort Worth 1901, writ ref'd). In *Reid,* the court stated that if the garnishee

> makes the defense on his own answer and responsibility, and he loses, we see no reason why he should be exempt from the burdens of his *unsuccessful litigation* ... Indeed, our statute provides that "where

the answer is contested, the cost shall abide the issue of such contest."

*Id.* at 940–41 (emphasis added).

Similarly, in *Patterson v. Seeton,* 19 Tex. Civ.App. 430, 47 S.W. 732 (1898, writ ref'd), the court reversed a judgment giving attorney's fees to a garnishee who contested and lost in the trial court. *Id.* 47 S.W. at 734. The court stated:

> We are of the opinion that the garnishee having become a litigant concerning his liability in this case, and *being unsuccessful,* is liable for the cost under the following decisions, *Moursund v. Priess,* 84 Tex. 554, 19 S.W. 775; *Kelly v. Gibbs,* 84 Tex. 143, 19 S.W. 380. To this extent the judgment will be reformed.

*Id.* 47 S.W. at 734 (emphasis added).

■ In *Automobile Underwriters' Insurance Co. v. Murrah,* 40 S.W.2d 233 (Tex.Civ. App.—Dallas 1931, writ ref'd),[7] once again, the garnishee denied its liability but was held liable, and the appellate court affirmed that judgment. In response to the losing garnishee's claim for attorney's fees, the court stated:

> Article 4100, R.C. S., allows a reasonable attorney fee where the garnishee is discharged on its answer. In the instant case, [garnishee] was not discharged on its answer, but denied liability ... in any amount. Having taken this position and thereby becoming an active litigant in the case, it is not entitled to the attorneys' fees. The case of *Zimmerman Land and Irrigation Co. v. Rooney M. Co.,* (Tex.Civ. App.) 195 S.W. 201, holds that a garnishee is not entitled to attorneys' fees *where it erroneously denied its indebtedness.*

*Murrah,* 40 S.W.2d at 235 (emphasis added). *Murrah* is supreme court authority that it is the garnishee who contests and loses—not the garnishee who merely contests—that cannot recover attorney's fees.

7. From June 14, 1927 to the present, "a decision by a Court of Civil Appeals to which the Supreme Court refuses a writ of error, is as binding as a decision of the Supreme Court itself." *Ohler v. Trinity Portland Cement Co.,* 181 S.W.2d 120, 123 (Tex.Civ.App.—Galveston 1944, no writ); *see also Hamilton v. Empire Gas & Fuel Co.,* 134 Tex. 377, 383–84, 110 S.W.2d 561, 565–66 (1937); Tex.R.App. P. 56.1(c). Before then, "writ ref'd" generally meant that the Texas Supreme Court approved the result reached by the court of civil appeals but did not necessarily approve the opinion. *See Fleming v. Texas Loan Agency,* 87 Tex. 238, 27 S.W. 126 (1894).

The same holding was made in *Presnall v. Stockyards National Bank*, 151 S.W. 873 (Tex.Civ.App.—Texarkana 1912), *aff'd on other grounds*, 109 Tex. 32, 194 S.W. 384 (1917). In *Presnall*, the garnishee won a judgment and an attorney's fee award in the trial court. 151 S.W. at 874. That award was reversed, and judgment on appeal was rendered for the garnishor. Although the court stated the general rule that "[a]s the garnishee by its answer became itself a litigant with appellants, the attorney's fees must be denied ...," it is obvious that they were denied not because the garnishee became a litigant, but because on appeal the garnishee was the losing litigant and suffered a judgment against it. The court was not willing to leave undisturbed an attorney's fee award for a litigant who contested and lost.

Finally, in *May v. Donalson*, 141 S.W.2d 702 (Tex.Civ.App.—San Antonio 1940, no writ), the court stated: "If the garnishee denies that it is indebted to the defendant and the answer is contested by the plaintiff, the garnishee becomes a party litigant and is entitled to no attorney's fees *in the event it is unsuccessful.*" *Id.* at 706 (emphasis added).[8] The court rendered judgment taking attorney's fees away from a garnishee who, on appeal, became the losing party.

### Conclusion

▉ Under rule 677, (1) a garnishee who contests and loses cannot get attorney's fees, and (2) a garnishee who contests and wins must get attorney's fees.

▉ As is generally the case, the amount of an award of attorney's fees rests in the sound discretion of the trial court, and its judgment will not be reversed on appeal without a clear showing of abuse of discretion. *Owen Elec. Supply Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 288 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

We sustain crosspoint two.

Because we find the court did not err in granting LANB's motion for summary judgment under point of error four, we need not address points of error one, two, three, five,

or six. Additionally, because of our disposition of point of error four, we need not address LANB's cross-point one.

We therefore reverse the judgment insofar as it denies an award of attorney's fees, and remand the case to the trial court for consideration of the appropriate award of attorney's fees. We affirm the judgment in all other respects.

---

8. The Texas Supreme Court has cited *May v. Donalson* with approval on this point. *See* United States v. Ray Thomas Gravel Co.*, 380 S.W.2d 576, 581 (Tex.1964).