The Everest Group, L.L.C. as assignee of Linda L. Tanner v. Bank One, N.A.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-365-CV

THE EVEREST GROUP, L.L.C. AS APPELLANT

ASSIGNEE OF LINDA L. TANNER

V.

BANK ONE, N.A. APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction 

This is an appeal from a summary judgment entered against Everest Group, L.L.C. (“Everest”) on its claim against Bank One, N.A. (“Bank One”) in a post-judgment garnishment action.  In one issue, Everest contends the trial court erred by granting Bank One’s motion for summary judgment because the bank did not prove as a matter of law that the funds were released from the debtor’s account before the writ of garnishment was served.  We will reverse the summary judgment and remand the case to the trial court.

II.  Background Facts

Linda Tanner (“Tanner”) sued Innovative Services, Inc. (“Innovative”) in District Court in New Mexico for nonpayment of rent.  In September of 2000, Tanner took a default judgment against Innovative for $147,084, and thereafter, assigned the judgment to Everest.  Everest filed the judgment in Tarrant County, Texas, pursuant to the Uniform Enforcement of Judgments Act.  On August 3, 2001, Everest obtained a writ of garnishment against Bank One because the bank had funds in an account owned and held by Innovative. On August 13, 2001, Innovative wrote a check for $36,921.62—the entire balance of its account at Bank One—and the check was deposited into an account at Texas Capital Bank.  On August 14, 2001, at approximately 1:30 p.m., Bank One was served with the writ of garnishment.  According to Bank One, on August, 14, 2001, the $36, 921.62 check was presented to Bank One for payment
 and the check was posted at approximately midnight.

In April 2002, Bank One moved for summary judgment in the garnishment proceeding, contending that no issue of material fact existed because the funds were transferred out of Innovative’s account prior to Bank One’s service of the writ.  Everest responded, arguing that Bank One’s summary judgment evidence showed that it had paid the balance of Innovative’s account after service of the writ of garnishment.  On September 27, 2002, the trial court granted Bank One’s motion for summary judgment and dismissed Everest’s application for writ of garnishment.  This appeal followed.  

III.  Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
S.W. Elec. Power Co., 
73 S.W.3d at 215;
 Rhone-Poulenc, Inc. v. Steel,
 997 S.W.2d 217, 223 (Tex. 1999); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.  
Rhone-Poulenc,
 997 S.W.2d at 223; 
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the movant's position will not be considered unless it is uncontroverted.  
Great Am.
, 391 S.W.2d at 47.  The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678.

IV.  Summary Judgment

Everest contends that the trial court erred by granting Bank One’s motion for summary judgment because the summary judgment evidence demonstrates that Bank One released the funds 
after
 being served with the writ of garnishment. Bank One does not respond to Everest’s contention regarding the summary judgment evidence.  Instead, Bank One maintains that the trial court’s judgment should be affirmed based upon two procedural grounds—the absence of the writ of garnishment in the record and Everest’s failure to properly traverse Bank One’s answer to the writ of garnishment as provided under rule 673 of the Texas Rules of Civil Procedure.

Although the writ of garnishment was not included in the record,
(footnote: 2) our review is not contingent upon information contained in the writ.  The critical issue in the present action is whether a genuine issue of material fact exists that Bank One, the garnishee, was indebted to Innovative, the judgment debtor, or had in its possession effects belonging to Innovative at the time of service of the writ.  
See Rowley v. Lake Area Nat’l Bank
, 976 S.W.2d 715, 718 (
Tex. App.—Houston [1
st
 Dist.] 1998, pet. denied).  Summary judgment evidence exists in the record concerning this issue.  Evidence in the record also establishes that, contrary to Bank One’s assertion, 
Everest properly traversed Bank One’s answer to the writ of garnishment.
(footnote: 3)  Accordingly, Bank One’s procedural challenges are without merit.

Bank One moved for summary judgment on the ground that it was not indebted to Innovative at the time the writ was served.  According to Bank One, the writ of garnishment was served at 1:30 p.m. on August 14, 2001.  In an affidavit attached to Bank One’s motion for summary judgment, Rhonda Richardson, a Bank One employee, swore that although Innovative’s check was presented for payment on August 14, 2001, the check did not post until around midnight—approximately nine-and-a-half hours after Bank One contends the writ was served.  Additionally, according to an affidavit by Robert Hamic (“Hamic”), the Collection Manager for Everest, Bank One’s automated verification line indicated that the funds were still present in Innovative’s account as of approximately 4 p.m. on August 14, 2001.  Hamic also states that Andrea Morrison, a supervisor in the legal department at Bank One, admitted that the funds were released on August 14, 2001, after Bank One was served with the writ because the bank could not verify that the account belonged to the actual debtor named in the writ.  Thus, viewing all of the evidence in the light most favorable to Everest, we hold that a genuine issue of material fact exists concerning whether Bank One was served with the writ before it released the funds from Innovative’s account.  Accordingly, the trial court erred by granting Bank One’s motion for summary judgment.  We sustain Everest’s issue.

V.  Conclusion

Having sustained Everest’s sole issue, we reverse the summary judgment and remand the case to the trial court for further proceedings.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; DAY and WALKER, JJ.

DELIVERED: October 30, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The record includes a filed letter requesting that the writ of garnishment be included as one of the documents comprising the clerk’s record.  However, the letter contains an unidentified handwritten notation indicating that the writ was “never returned to court.”

3:
On November 27, 2001, Everest filed “Plaintiff’s Response to Garnishee’s Answer and First Amended Answer to the Writ of Garnishment.” The document, incorporating by reference a previous “Affidavit in Support of Plaintiff’s Motion,” properly controverts Bank One’s answer to the writ of garnishment pursuant to rule 673.  
See 
Tex. R. Civ. P. 
673.