COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-365-CV
 
THE EVEREST GROUP, L.L.C. AS                                            APPELLANT 
ASSIGNEE OF LINDA L. TANNER
 
V.
 
BANK ONE, N.A.                                                                      APPELLEE 
 
------------
 
FROM THE 
17TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
 
        I. Introduction 
 
        This is an appeal from a summary judgment entered against Everest 
Group, L.L.C. (“Everest”) on its claim against Bank One, N.A. (“Bank One”) in 
a post-judgment garnishment action. In one issue, Everest contends the trial 
court erred by granting Bank One’s motion for summary judgment because the 
bank did not prove as a matter of law that the funds were released from the 
debtor’s account before the writ of garnishment was served. We will reverse 
the summary judgment and remand the case to the trial court. 
II. Background Facts
        Linda Tanner (“Tanner”) sued Innovative Services, Inc. (“Innovative”) in 
District Court in New Mexico for nonpayment of rent. In September of 2000, 
Tanner took a default judgment against Innovative for $147,084, and 
thereafter, assigned the judgment to Everest. Everest filed the judgment in 
Tarrant County, Texas, pursuant to the Uniform Enforcement of Judgments 
Act. On August 3, 2001, Everest obtained a writ of garnishment against Bank 
One because the bank had funds in an account owned and held by Innovative.        On August 13, 2001, Innovative wrote a check for $36,921.62—the 
entire balance of its account at Bank One—and the check was deposited into 
an account at Texas Capital Bank. On August 14, 2001, at approximately 1:30 
p.m., Bank One was served with the writ of garnishment. According to Bank 
One, on August, 14, 2001, the $36, 921.62 check was presented to Bank One 
for payment and the check was posted at approximately midnight. 
        In April 2002, Bank One moved for summary judgment in the garnishment 
proceeding, contending that no issue of material fact existed because the funds 
were transferred out of Innovative’s account prior to Bank One’s service of the 
writ. Everest responded, arguing that Bank One’s summary judgment evidence 
showed that it had paid the balance of Innovative’s account after service of the 
writ of garnishment. On September 27, 2002, the trial court granted Bank 
One’s motion for summary judgment and dismissed Everest’s application for 
writ of garnishment. This appeal followed. 
III. Standard of Review
        In a summary judgment case, the issue on appeal is whether the movant 
met its summary judgment burden by establishing that no genuine issue of 
material fact exists and that the movant is entitled to judgment as a matter of 
law. Tex. R. Civ. P. 166a(c); S.W. Elec. Power Co. v. Grant, 73 S.W.3d 211, 
215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 
678 (Tex. 1979). The burden of proof is on the movant, and all doubts about 
the existence of a genuine issue of material fact are resolved against the 
movant. S.W. Elec. Power Co., 73 S.W.3d at 215; Rhone-Poulenc, Inc. v. 
Steel, 997 S.W.2d 217, 223 (Tex. 1999); Great Am. Reserve Ins. Co. v. San 
Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). Therefore, we 
must view the evidence and its reasonable inferences in the light most favorable 
to the nonmovant. Great Am., 391 S.W.2d at 47. 
        In deciding whether there is a material fact issue precluding summary 
judgment, all conflicts in the evidence are disregarded and the evidence 
favorable to the nonmovant is accepted as true. Rhone-Poulenc, 997 S.W.2d 
at 223; Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 
1995). Evidence that favors the movant's position will not be considered 
unless it is uncontroverted. Great Am., 391 S.W.2d at 47. The summary 
judgment will be affirmed only if the record establishes that the movant has 
conclusively proved all essential elements of the movant's cause of action or 
defense as a matter of law. Clear Creek Basin, 589 S.W.2d at 678. 
IV. Summary Judgment
        Everest contends that the trial court erred by granting Bank One’s motion 
for summary judgment because the summary judgment evidence demonstrates 
that Bank One released the funds after being served with the writ of 
garnishment. Bank One does not respond to Everest’s contention regarding the 
summary judgment evidence. Instead, Bank One maintains that the trial court’s 
judgment should be affirmed based upon two procedural grounds—the absence 
of the writ of garnishment in the record and Everest’s failure to properly 
traverse Bank One’s answer to the writ of garnishment as provided under rule 
673 of the Texas Rules of Civil Procedure. 
        Although the writ of garnishment was not included in the record, 
 

 our 
review is not contingent upon information contained in the writ. The critical
issue in the present action is whether a genuine issue of material fact exists
that Bank One, the garnishee, was indebted to Innovative, the judgment debtor,
or had in its possession effects belonging to Innovative at the time of service
of the writ. See Rowley v. Lake Area Nat’l Bank, 976 S.W.2d 715, 718 (Tex.
App.—Houston [1st Dist.] 1998, pet. denied). Summary judgment evidence
exists in the record concerning this issue. Evidence in the record also
establishes that, contrary to Bank One’s assertion, Everest properly traversed
Bank One’s answer to the writ of garnishment.
 

 Accordingly, Bank One’s 
procedural challenges are without merit.
        Bank One moved for summary judgment on the ground that it was not 
indebted to Innovative at the time the writ was served. According to Bank 
One, the writ of garnishment was served at 1:30 p.m. on August 14, 2001. 
In an affidavit attached to Bank One’s motion for summary judgment, Rhonda 
Richardson, a Bank One employee, swore that although Innovative’s check was 
presented for payment on August 14, 2001, the check did not post until around 
midnight—approximately nine-and-a-half hours after Bank One contends the writ 
was served. Additionally, according to an affidavit by Robert Hamic (“Hamic”), 
the Collection Manager for Everest, Bank One’s automated verification line 
indicated that the funds were still present in Innovative’s account as of 
approximately 4 p.m. on August 14, 2001. Hamic also states that Andrea 
Morrison, a supervisor in the legal department at Bank One, admitted that the 
funds were released on August 14, 2001, after Bank One was served with the 
writ because the bank could not verify that the account belonged to the actual 
debtor named in the writ. Thus, viewing all of the evidence in the light most 
favorable to Everest, we hold that a genuine issue of material fact exists 
concerning whether Bank One was served with the writ before it released the 
funds from Innovative’s account. Accordingly, the trial court erred by granting 
Bank One’s motion for summary judgment. We sustain Everest’s issue. 
V. Conclusion
        Having sustained Everest’s sole issue, we reverse the summary judgment 
and remand the case to the trial court for further proceedings. 
 
                                                          SUE WALKER 
                                                          JUSTICE
 
PANEL A:   CAYCE, C.J.; DAY and WALKER, JJ. 
 
DELIVERED: October 30, 2003