**REVERSE and RENDER in part; AFFIRMED and Opinion Filed August 23, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00679-CV**

**MICHAEL W. MOLTHAN, JR. AND RACHEL STACY, Appellants**
**V.**
**THOMAS J. CORNELL AND KIM CORNELL, BANK OF AMERICA, N.A., PAYPAL HOLDINGS, INC. AND VENMO, INC., Appellees**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-08163**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Reichek

Michael W. Molthan, Jr. and Rachel Stacy appeal the trial court's judgment in this writ of garnishment proceeding. Because we conclude the trial court erred in apportioning all costs awarded to Bank of America, N.A. against Stacy, we reverse the trial court's judgment in part, and render judgment that the Bank's fees be recovered from Molthan's portion of the garnished account. We affirm the judgment in all other respects.

## Background

The following are the facts relevant to the disposition of this appeal. On June 12, 2020, Thomas J. Cornell and Kim Cornell filed an application for writ of garnishment against the Bank based on a judgment they obtained against Molthan in bankruptcy court.[1] After being served with the writ, the Bank answered, stating it was indebted to Molthan in the amount of $8,759.10 in an account entitled MICHAEL W MOLTHAN RACHEL T STACY.

Molthan filed a motion and supplemental motion to dissolve the writ asserting (1) there were funds in the garnished account that did not belong to him, (2) the affidavit filed in support of the writ was defective, and (3) he was not properly served with notice of the garnishment. Stacy subsequently filed a plea in intervention contending she was not married to Molthan and a portion of the garnished account was her separate property. Stacy requested return of the funds that were rightfully hers.

In a trial before the court, the parties agreed on the record that 61.2% of the garnished bank account belonged to Stacy and 38.8% belonged to Molthan. The parties further stipulated the Bank should recover $2,659.10 from the garnished

---

[1] The writ of garnishment was also filed against Paypal Holdings, Inc. and Venmo, Inc. The Cornells announced a nonsuit of their claims against these entities in open court and the trial court dismissed the claims without prejudice.

account as costs pursuant to Texas Rule of Civil Procedure 677. A dispute remained as to how liability for the Bank's costs would be allocated.[2]

Counsel for the Cornell's argued the trial court had discretion to apportion the costs against any party. She further argued the Cornells should recover all of Molthan's funds from the account and, after the Bank's costs were paid, Stacy should recover the remainder. Counsel for appellants argued the Bank's fees should be paid solely from Molthan's portion of the account and all of Stacy's money should be returned to her.

---

[2] The agreement was announced in open court by Mary Ellen Smith, counsel for the Cornells, and Jerry Jarzombek, counsel for appellants:

> MR. JARZOMBEK: [] We have agreed between us that the bank gets the amount that [the Bank's counsel] said the bank gets, and it clearly comes from the captured funds.
>
> THE COURT: Ms. Smith.
>
> MS. SMITH: I agree.
>
> . . .
>
> THE COURT: All right. So what does that leave in the way of the dispute, how much?
>
> . . .
>
> MS. SMITH: Well, I think there's a little bit of an agreement that of the amount held, 61.2 percent belongs to Ms. Stacy, and 38.8 percent belongs to Mr. Molthan.
>
> MR. JARZOMBEK: Right.
>
> MS. SMITH: So then the question becomes for the Court to decide, because there is certainly no agreement between the parties - -
>
> THE COURT: Who the handler of the [Bank's] attorney's fees is going to be, borne between the respective parties.
>
> MS. SMITH: Exactly. [. . .]

In its findings of fact and conclusions of law, the trial court held the Bank's costs would be paid by both Molthan and Stacy. The judgment, however, awarded Molthan's funds in the account to the Cornells. As a result, the Bank's costs were recovered solely from Stacy's funds and Stacy was awarded the remainder. This appeal followed.

**Analysis**

In their third issue, appellants contend the evidence was legally and factually insufficient to support the trial court's judgment. Within that issue, they contend there is no evidence to support the judgment's division of the funds in the account made the subject of the garnishment proceeding. They state that, if the trial court had followed the suggestion of their counsel with respect to the distribution of the funds in the account, they "would not have an appellate complaint."[3] The Cornells respond that the parties agreed the Bank's costs would be paid from the joint account and this agreement is sufficient evidence to support the judgment. They further argue the trial court had discretion to assess the Bank's costs against either party.

With respect to the parties' agreement, although counsel for appellants agreed the Bank's costs would be paid from the garnished account, it is clear from the record there was no agreement the costs would be assessed against Stacy's portion of the account. Indeed, appellant's counsel urged the trial court to assess the costs solely

---

[3] Although phrased as a legal sufficiency challenge, the substance of appellants' argument challenges the trial court's decision to assess all of the Bank's costs against Stacy.

against Molthan's portion of the account and requested all of Stacy's money be returned to her.

As for the trial court's discretion in assessing costs, the only authority the Cornells cite in support of this proposition addresses the trial court's discretion in determining the amount of costs awarded. *See Rowley v. Lake Area Nat'l Bank*, 976 S.W.2d 715, 724 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). The Cornells cite no authority, and we have found none, holding that costs may properly be assessed against an intervenor who has successfully established her separate, equitable ownership of funds in an account being garnished. *See RepublicBank Dallas v. Nat'l Bank of Daingerfield*, 705 S.W.2d 310, 311(Tex. App.—Texarkana 1986, no writ) (creditor's right to seize funds is limited to funds in account that are equitably owned by the debtor and does not extend to funds equitably owned by other parties).

Under Rule 677 of the Texas Rules of Civil Procedure, if the answer filed by the garnishee is contested, as was the case here, "the costs shall abide the issue of such contest." TEX. R. CIV. P. 677. In other words, the costs are taxed against the unsuccessful litigant in the garnishment contest. *See Rowley*, 976 S.W.2d at 724; *see also Campbell v. Stucki*, 220 S.W.3d 562, 568 (Tex. App.—Tyler 2007, no writ); *Weisbrod Matteis & Copley, PLLC v. Manley Toys, Ltd.*, No. 3:15-CV-1446-G (BF), 2015 WL 7771075, at *7 (N.D. Tex. Dec. 3, 2015) (garnishee's costs properly

assessed against intervenor who did not prevail in only contest initiated in proceeding).

During trial, the parties agreed that Stacy's proportionate interest in the bank account was 61.2%. They further agreed the Cornells could recover only Moltan's 38.8% interest in the account. Accordingly, the Cornells were unsuccessful in their attempt to garnish the entire account, and Molthan did not successfully dissolve the writ. The only party that was substantially successful in the contest was Stacy. We conclude the trial court erred in assessing the Bank's costs against Stacy's portion of the account rather than Molthan's.

Based on the agreed percentage ownership of the garnished account, $5,360.57 was equitably owned by Stacy and $3,398.53 was equitably owned by Molthan. Payment of the Bank's $2,659.10 in stipulated costs out of Molthan's assets in the account leaves $739.43. We therefore reverse the portion of the trial court's judgment awarding the Bank its costs from Stacy's funds, and render judgment that Stacy recover $5,360.57. We additionally reverse the portion of the trial court's judgment awarding the Cornells $3,298.10 and render judgment that they recover $739.43. In all other respects, the trial court's judgment is affirmed.

Because of our resolution of this issue, it is unnecessary for us to address appellants' remaining issues.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210679F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL W. MOLTHAN, JR.
AND RACHEL STACY, Appellants

No. 05-21-00679-CV       V.

THOMAS J. CORNELL AND KIM
CORNELL, BANK OF AMERICA,
N.A., PAYPAL HOLDINGS, INC.
AND VENMO, INC., Appellees

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-08163.
Opinion delivered by Justice
Reichek. Justices Molberg and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED IN PART** and judgment is **RENDERED** that:

Garnishee BANK OF AMERICA, N.A. shall recover from MICHAEL W. MOLTHAN, JR. costs, as provided by Texas Rule of Civil Procedure 677, in the amount of $2,659.10.  It is further **RENDERED** that THOMAS J. CORNELL and KIM CORNELL recover the sum of $739.43 and that RACHEL STACY recover the sum of $5,360.57.

In all other respects the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered August 23, 2022